494 So.2d 508 (1986)
HIGH POINT CONDOMINIUM RESORTS, LTD., et al., Appellants,
v.
Robert DAY, et al., Appellees.
No. 85-1403.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
Rehearings Denied September 23, 1986.
Benjamin T. Shuman, Orlando, for appellants.
R. Stephen Miles, Jr., of Miles and Cumbie, P.A., St. Cloud, for appellee Robert Day.
Jim Smith, Atty. Gen., and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for appellee Randy Miller.
*509 COWART, Judge.
This is a case questioning the constitutionality of section 192.037, Florida Statutes, which sets out a method for assessing and collecting ad valorem taxes on fee time-share property. A fee time-share real property owner has ownership rights in real property for a specified period of time each year for more than three years. § 721.05(28), Fla. Stat.
Section 192.037(2), Florida Statutes, provides that fee time-share real property be listed on the county tax assessment rolls as a single entry for each time-share development. Section 192.037(1), Florida Statutes, purports to designate the managing entity responsible for operating and maintaining the fee time-share real property as taxpayer and agent of the time-share period titleholders. Section 192.037(5) purports to place on such managing entity, as such agent, the duty of allocating taxes and assessments to the individual time-share period titleholders, collecting the taxes and assessments from them, and remitting them to the tax collector. The county tax collector is prohibited from accepting payment of taxes and special assessments as to any time-share unit or on the interest of any time-share titleholder and may only accept full payment of the taxes and assessments on the entire time-share development. § 192.037(7), Fla. Stat.
Appellants contend that section 192.037, Florida Statutes, is unconstitutional on two grounds  first, that it was not enacted pursuant to the constitutional requirements of article III, section 3(c)(1), Florida Constitution, and second, that it results in discriminatory treatment of fee time-share property owners in the assessment and collection of ad valorem taxes which is unreasonable in several respects.
We agree with appellant that section 54, chapter 82-226, Laws of Florida, the origin of section 192.037, Florida Statutes, was not within the purview of the call of the governor for Special Session D of the 1982 Legislature and that the record reveals that HB 21-D was introduced solely by Representative Pajcic and was not introduced by consent of two-thirds of the membership of each house, and that, accordingly, the original enactment of chapter 82-226 by the 1982 legislature in special session was in violation of article III, section 3(c)(1), Florida Constitution, which limits legislative business that may be transacted at a special legislative session. Chapter 82-226 was saved from repeal by section 1, chapter 83-61, Laws of Florida, but, more importantly, pursuant to, and under the authority of, the legislative direction in section 11.242, Florida Statutes, the Joint Legislative Management Committee (see § 11.147, Fla. Stat.), section 54, chapter 82-226, Laws of Florida, was incorporated as section 192.037 in the compilation of the public statutes of a general and permanent nature entitled, "Florida Statutes, 1983" which compilation was adopted and enacted at the general session of the 1985 legislature, by section 1, chapter 85-59, Laws of Florida, effective July 30, 1985, as the official statute law of the state. § 11.2421, Fla. Stat. (1985). Therefore, because the infirmity in the original enactment of section 54, chapter 82-226, Laws of Florida, was the kind of defect as could be cured by a general reenactment of existing statutes, it was cured by the 1985 legislative reenactment of all statutes set forth in "Florida Statutes, 1983". See State ex rel. Badgett v. Lee, 156 Fla. 291, 22 So.2d 804 (1945).
Appellants also attack the constitutionality of secton 192.037, Florida Statutes, on the basis of its content or substance claiming that it violates due process and equal protection guarantees in that it provides a method for the assessment and collection of ad valorem taxes on real property owned by time-share titleholders that is substantially different from, and less protective than, the method for assessment and collection of ad valorem taxes on real property owned by others and that the different method denies time-share titleholders rights provided by law in favor of other owners of real property. Specifically, other property owners are entitled to be listed as taxpayers on the tax assessment rolls (§ 193.114(2)(e), Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers listed on the assessment roll, are entitled to receive by first-class mail notice of proposed property taxes, and notice of the right to be heard thereon, notice of the right to informally confer with the property appraiser, and notice of the right to petition the property appraisal adjustment board (§ 200.069, Fla. Stat.)  time-share owners *510 are not. Other real property owners, as taxpayers on the assessment roll, are entitled to informally confer with the property appraiser regarding the correctness of the assessment (§ 194.011(2), Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers on the assessment roll, are entitled to petition the property appraisal adjustment board (§§ 194.011(3), 194.013, 194.032, Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers on the assessment roll and entitled to petition the property appraisal adjustment board, are also entitled to be notified by first-class mail of the board decision (§ 194.034(2), Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers on the assessment roll, are entitled to bring an action to contest the tax assessment (§§ 194.036(2), 194.171, 194.181(1)(a), Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers on the assessment roll, are entitled to be notified of the assessment of each taxable item of property (§§ 194.011(1), 197.072(1), Fla. Stat.)  time-share owners are not. Other real property owners, as taxpayers on the assessment roll, are entitled to an additional tax notice prior to the date of delinquency (§ 197.343(1), Fla. Stat.)  time-share owners are not. Other real property owners are entitled to pay a portion of taxes against an assessed parcel (§ 197.373(1), Fla. Stat.)  time-share owners are not (see § 197.373(4), Fla. Stat.). Other real property owners are entitled to be listed as a person to be notified of the application for a tax deed (§§ 197.502(4)(a), (f), Fla. Stat.)  time-share owners are not. Other real property owners are entitled to be notified of the application for a tax deed (§§ 197.522(1)(a), (b), 197.522(2), Fla. Stat.)  time-share owners are not.
As answer to all of these differences in treatment the property appraiser calls attention to sections 192.037(4) and 192.037(9), Florida Statutes.
Section 192.037(4) provides that all rights and privileges afforded property owners by chapter 194 as to contesting or appealing assessments shall apply both to the managing entity and to each time-share fee owner. However, this provision cannot provide time-share fee owners with the same rights afforded all other real property owners under chapter 194 because other property owners, who are listed as taxpayers on the assessment roll, are for that very reason entitled to receive the various notices relating to contesting and appealing assessments which time-share owners are not afforded. The only way to give time-share owners all of the rights and privileges afforded other real property owners by law is to list them as taxpayers on the assessment roll.
Section 192.037(9) provides that in the event an application for tax deed is made by a holder of a tax certificate pursuant to section 197.502, the time-share titleholders shall receive the protections afforded by chapter 197. This is no answer to the many other discriminations against time-share holders under this statute and is not effective to do what chapter 197 purports to do. For example, other real property owners as taxpayers on the assessment roll for the year in which the property was last assessed must be listed, for notification prior to the tax sale of real property, by the tax collector on a statement to the clerk pursuant to section 197.502(4)(f). If a time-share titleholder were not on the tax roll for the year in which the property was last assessed because of other provisions of section 192.037, then, of course, the time-share period owner will not be within the language in section 197.502(4)(f), and will not receive protection under chapter 197 equal with that received by the owner of other real property in whose name the property *511 was assessed on the tax roll for the year in which the property was last assessed.
Without directly placing a duty on the managing entity to pay the real estate taxes on entire time-share developments and to seek reimbursement from the time-share owners (which would, of course, raise even more serious constitutional questions), the statute apparently contemplates that the managing entity will, or can, pay all the taxes because the statute gives the managing entity a lien pursuant to section 718.121 or section 721.16 on the time-share periods for taxes and assessments. § 192.037(8), Fla. Stat. Section 718.121 relates to liens against all condominium units for labor and materials furnished, with the unanimous consent of all unit owners, to improve the common elements. It is noted that section 718.121(3) specifically provides that each condominium owner can relieve his unit of such a lien by payment of a proportionate amount of such labor or material lien for improvement of common elements. This statute solves none of the problems created by section 192.037. Section 721.16 purports to give the managing entity a lien against time-share estates for overdue assessments (apparently only special assessments not tax assessments) which lien can be foreclosed as a real estate mortgage or under the Uniform Commercial Code. This statute solves none of the tax assessment and collection and notice problems created by section 192.037, and, by purporting to grant the managing entity a special method of collection of assessments from time-share owners, provides for a method of collecting special assessments on time-share estates substantially different in kind and discretion from the method of collecting special assessments from other real property owners by the governmental entities making such special assessments.
Under section 192.037 the property appraiser is required to assess the entire time-share development, which assessment is to be the value of the combined individual time-share periods or time-share estates contained therein. Query: How can the property appraiser value the whole as being the sum of the parts without first ascertaining the value of all the parts? If all of the parts must first be valued why should they not be assessed as other property estates? The property appraiser is also required to annually notify the managing entity of the "proportions" to be used in allocating the valuation, taxes, and assessments on the time-share property among the time-share estate owners (§ 192.037(3)). Query: Does "proportions" relate to the physical units and common property or does it also include value considerations as to the time element? Obviously all weeks are not equal because in every location the use of property at some seasons of time is far more valuable than its use at other seasons. As to time-share owners this very important value factor is apparently left to the discretion of the managing entity which may own some time-share periods, and, therefore, have conflicts of interest with individual time-share owners as to taxes and the relative value of time periods as to the same unit. Other real property owners, even condominium owners, are entitled to have an impartial constitutional officer, the county property appraiser, determine the tax base (the tax assessment value of the taxpayer's real property interest)  time-share owners are not.
Furthermore, we do not believe the legislature can appoint the managing entity or anyone else to be an agent of the time-share titleholders or anyone else for any purpose. The creation of an agency relationship requires a consensual agreement between the parties. See generally 3 Am.Jur.2d Agency, § 17 (1986); Restatement (Second) of Agency § 15 (1957).[1]
By prohibiting time-share period fee owners from being listed as taxpayers on the ad valorem tax assessment roll and from paying their own taxes, section 192.037 *512 subjects such time-share owners to substantial disadvantages as to payment of taxes and deprives them of rights and opportunities to receive notice of, and to challenge, tax assessments affecting them and to avoid penalties for non-payment of taxes that are afforded other property owners by law. This deprives time-share period fee owners of due process and equal protection of the law and renders section 192.037, Florida Statutes, unconstitutional.
REVERSED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] The general excise tax on sales is a tax on the sale or other transportation and is collected by the seller or "dealer", who acts as agent for the state, in collecting from the purchaser or consumer. §§ 212.01, 212.07(1), Fla. Stat.