GLICKSTEIN, Judge,
concurring specialty-
I am bound to concur because of the decision in Spanish River Resort Corporation v. Walker, 497 So.2d 1299, with which my colleagues on the present panel agree. However, I agree with appellants’ contention that the present assessments are unlawful because the appraiser automatically deducted 15% for sales expenses and 11% for personalty, on the assumption the rule of thumb he generally uses in assessing real property applies to time-share estates, without trying to validate such percentages.
The property appraiser was obligated to give the same full effect to the express language of section 193.011(8) Florida Statutes (1983), as he did to section 192.037(2) Florida Statutes (1983).
I am aware that the supreme court is being asked to review the decision in Hausman v. VTSI, Inc., 482 So.2d 428 (Fla. 5th DCA 1985), with which this concurrence is consistent. No doubt review will also be sought for High Point Condominium Resorts, Ltd. v. Day, 494 So.2d 508 (Fla. 5th DCA 1986), which addresses a major issue common to the time-sharing cases decided today, and comes to a contrary conclusion. At this time I do not know if the supreme court intends to review either of them, or what its decision will ultimately be, should it assume jurisdiction. However, it will now be aware of this court’s views.