521 So.2d 1064 (1988)
Robert DAY, etc., et al., Appellants/Cross-Appellees,
v.
HIGH POINT CONDOMINIUM RESORTS, LTD., et al., Appellees/Cross-Appellants.
No. 69519.
Supreme Court of Florida.
January 28, 1988.
Rehearing Denied March 31, 1988.
R. Stephen Miles, Jr. of Miles, Cumbie, Kelley & Smallwood, P.A., St. Cloud, for appellant, Robert Day.
Robert A. Butterworth, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for appellant, Department of Revenue.
Benjamin T. Shuman, Orlando, for appellees/cross-appellants.
Larry E. Levy of Macfarlane, Ferguson, Allison & Kelly, Tallahassee, amicus curiae for Jimmy Alvarez as the Property Appraiser of Bradford County.
David L. Cook and Claire A. Duchemin of Young, van Assenderp, Varnadoe & Benton, P.A., Tallahassee, amicus curiae for Florida Tax Collectors Ass'n.
OVERTON, Justice.
This is an appeal from a decision of the Fifth District Court of Appeal reported as High Point Condominium Resorts, Ltd., v. Day, 494 So.2d 508 (5th DCA 1986), holding unconstitutional section 192.037, Florida Statutes (1985), which sets forth the method for ad valorem taxation of fee time-share units. We reverse and hold the statute constitutional.
The pertinent provisions of section 192.037 provide:
(1) For the purposes of ad valorem taxation and special assessments, the managing entity responsible for operating and maintaining fee time-share real property shall be considered the taxpayer as an agent of the time-share period titleholder.
(2) Fee time-share real property shall be listed on the assessment rolls as a single entry for each time-share development. The assessed value of each time-share development shall be the value of the combined individual time-share periods or time-share estates contained therein.
(3) The property appraiser shall annually notify the managing entity of the proportions to be used in allocating the valuation, taxes, and special assessments on time-share property among the various time-share periods. Such notice shall be provided on or before the mailing of notices pursuant to s. 194.011. Ad valorem taxes and special assessments shall be allocated by the managing entity based upon the proportions provided by the property appraiser pursuant to this subsection.

*1065 (4) All rights and privileges afforded property owners by chapter 194 with respect to contesting or appealing assessments shall apply both to the managing entity responsible for operating and maintaining the time-sharing plan and to each person having a fee interest in a time-share unit or time-share period.
(5) The managing entity, as an agent of the time-share period titleholders, shall collect and remit the taxes and special assessments due on the fee time-share real property. In allocating taxes, special assessments, and common expenses to individual time-share period titleholders, the managing entity must clearly label the portion of any amounts due which are attributable to ad valorem taxes and special assessments.
The statute was adopted to provide a reasonable method to assess and collect taxes from property held under the new ownership concept of "fee time-share estates."
In accordance with this statute, Robert Day, tax appraiser for Osceola county, assessed each of the appellees' fee time share units as single listings on the tax rolls for the years 1983 and 1984, and sent the tax bills to the "managing entity" acting as agent of the owners and High Point World Condominium Resorts, Inc. The appellee taxpayers, High Point Condominium Resorts, Ltd. (developer of the project and owner of all unsold fee time-share periods and all undeveloped land and incomplete buildings), High Point World Resort Condominium Association, Inc. (the association of property owners), and Robert H. Harriss, Jr. (individually as owner of one week and a class action representative), filed suit challenging (1) the validity of the statute's enactment; (2) the facial constitutionality of the statute; and (3) the propriety of the valuation by the tax appraiser. The first issue alleging the statute's invalid enactment was properly rejected by the district court of appeal, and we find the cross appeal on this point is without merit. The valuation issue was settled by stipulation.
The issue requiring discussion is whether section 192.037 is facially unconstitutional on due process and equal protection grounds. The district court of appeal found the statute unconstitutional because it placed time-share owners at a substantial disadvantage relative to other property owners in avoiding penalties for nonpayment of taxes and denied them a proper opportunity to receive notice and contest their tax assessments. In so holding, the Fifth District Court of Appeal stated:
By prohibiting time-share period fee owners from being listed as taxpayers on the ad valorem tax assessment roll and from paying their own taxes, section 192.037 subjects such time-share owners to substantial disadvantages as to payment of taxes and deprives them of rights and opportunities to receive notice of, and to challenge, tax assessments affecting them and to avoid penalties for non-payment of taxes that are afforded other property owners by law. This deprives time-share period fee owners of due process and equal protection of the law and renders section 192.037, Florida Statutes, unconstitutional.
High Point Condominium Resorts, 494 So.2d at 511-12.
In Florida, a time-share unit is a form of multiple fee ownership of one parcel of real property where the rights of use, occupancy, and possession of a time-share apartment have been sold and transferred by deed to each of the time-share owners. Each individual owns an undivided interest in the property, but, regardless of the number of owners, there remains only one parcel and one assessment. See Note, Ad Valorem Taxation of Time-Share Properties; Should Time-Share Estates Be Separately Assessed and Taxed?, 37 U.Fla.L. Rev. 421 (1985). The subject statute was intended to address the unique problems caused by subdividing a condominium unit into many individual fee time-share estates. This time-share concept allows a single condominium unit to be divided into as many as fifty separate fee time-share estates. The administrative problem is illustrated by the increase in the number of taxpayers if a 200-unit condominium were sold as one-week time-shares. This would result in 10,000 potential taxpayers as owners of a fee time-share estate. In addition, many *1066 time-share owners permanently reside in other localities, many outside the state. Without question, the fee time-share concept establishes administrative assessment and collection problems for taxing authorities. The legislature, which has authorized time-share ownership in chapter 721, addressed the ad valorem assessment and collection problems by adopting section 192.037, Florida Statutes (1985).
This Court, in Eastern Air Lines, Inc. v. Department of Revenue, 455 So.2d 311 (Fla. 1984), considered a legislative taxing statute and set forth some basic principles about this type of statute. We stated:
In the field of taxation particularly, the legislature possesses great freedom in classification. The burden is on the one attacking the legislative enactment to negate every conceivable basis which might support it. The state must, of course, proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. A statute that discriminates in favor of a certain class is not arbitrary if the discrimination is founded upon a reasonable distinction or difference in state policy.
Id. at 314 (citations omitted).
In Spanish River Resort Corp. v. Walker, 497 So.2d 1299 (Fla. 4th DCA 1986), the Fourth District Court of Appeal, in addressing a similar but broader challenge to this time-share taxing statute, upheld it as constitutional. In doing so, the district court stated:
The cumulative effect of sections 192.037, 197.502 and Chapters 194 and 197 is to provide time-share fee owners with the same protections as other owners of real property in the assessment and collection of ad valorem taxes. Notwithstanding the fact that time-share fee owners are not listed as taxpayers on the assessment roll, section 192.037(4) unequivocally provides that all rights and privileges afforded property owners by Chapter 194 as to controlling or appealing assessments shall apply both to the managing entity and to each time-share fee owner. In addition, section 192.037(9) allows the time-share fee owner to receive the protections afforded by Chapter 197 by application made pursuant to section 197.502. The requirement that the property owner be on the tax roll for the year in which the property was last assessed in order to fall within the language in section 197.502(4)(f) applies to both time-share fee owners and other owners of real property alike.
Id. at 1305-06. Accord Driftwood Management Co. v. Nolte, 497 So.2d 740 (Fla. 4th DCA 1986); Oyster Pointe Resort Condominium Ass'n v. Nolte, 497 So.2d 1306 (Fla. 4th DCA 1986).
We reject the argument that the time-share owners have been denied due process by this statutory scheme, particularly the utilization of the managing entity to collect taxes. "The test to be used in determining whether an act is violative of the due process clause is whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive." Lasky v. State Farm Insurance Co., 296 So.2d 9, 15 (Fla. 1974) (footnote omitted). Accord United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla. 1979); Golden v. McCarty, 337 So.2d 388 (Fla. 1976); Wiggins v. City of Jacksonville, 311 So.2d 406 (Fla. 1st DCA 1975). Under our statutory tax-collection scheme, all property owners are held to know taxes are due and payable annually and are charged with the duty to ascertain the amount of their taxes and pay them by April 1 of the year following assessment. See section 197.0151(1), Florida Statutes (1985), and section 197.332, Florida Statutes (1987).
We note that time-share owners are treated the same as other multiple owners of a single parcel of real property, the tax bill being mailed to one address. Further, section 192.037(4) expressly provides that each time-share owner, as the owner of an undivided interest in a parcel of real property, enjoys all the rights and privileges afforded other types of property owners to contest or appeal assessments. In fact, the statute extends these rights and privileges to the managing entity responsible for operating and maintaining the time-share *1067 plan. The managing entity is the logical collector of the taxes since that entity is already established by section 721.13(3), Florida Statutes (1985), and is responsible for the maintenance of the time-share project, including the collection of user fees for government services.
In this case, no contention has been made that the action of the property appraiser or the tax collector resulted in the issuance of notices of delinquent taxes, the sale of tax certificates, the application for tax deeds, or the issuance of any tax deeds affecting any time-share estate. In our view, there is a rational legislative basis to support the provisions for collection of ad valorem taxes contained in section 192.037. Clearly, this method of tax collection is not arbitrary and does not wrongfully discriminate against these time-share owners.
Further, with regard to the equal protection argument, we agree with the Fourth District Court of Appeal in Spanish River that the method employed for collecting taxes from time-share owners is neither substantially different nor less protective than the method utilized for other owners of real property, particularly multiple owners of single parcels of land. Fundamental rights are not being interfered with and these time-share owners are clearly not a suspect class.
For the reasons expressed, we reverse the decision of the district court of appeal to the extent it holds section 192.037, Florida Statutes (1985), unconstitutional.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.