The Honorable Doyle R. Hilton Okaloosa County Tax Collector Okaloosa County Courthouse Crestview, Florida 32536
Dear Mr. Hilton:
You ask substantially the following questions:
1. Where different private parties have an interest as tenants in common in a governmental leasehold, may the tax collector accept payment from one of the owners to the extent of his proportional ownership in the lease? 2. May the tax collector secure a judgment against any one of the owners holding an interest in the leasehold as tenants in common for the total amount of the tax owed because of the lease under the provisions of Ch. 196, F.S.?
In sum, I am of the opinion that:
1. The tax collector, being charged by s. 197.332, F.S., to collect all taxes, may not accept a payment that amounts to payment of a portion of the assessment except as authorized by ss.197.373 and 194.171(3), F.S. Section 197.373, F.S., does not provide for a partial payment when different private parties have interests in a leasehold as tenants in common. 2. Chapter 196, F.S., creates joint and several liability in each of the taxpayers owning an interest in a leasehold as tenants in common, and the tax collector may secure a judgment against any one of the owners for the total amount of the tax owed.
Question One
Inherent in your first question is the ability of the tax collector to subdivide parcels of land and collect payments of only a portion of the tax. Assessment of real property for taxation purposes is against the property and includes all interests therein unless otherwise provided by law.[1] Pursuant to s. 197.332, F.S., the tax collector has the authority and the obligation to collect all taxes as shown on the tax roll.
Section 197.373(1), F.S., sets out the authority of a tax collector to allow the payment of a portion of a tax notice, by providing:
The tax collector of the county is authorized to allow the payment of a part of a tax notice when the part to be paid can be ascertained by legal description, such part is under a contract for sale or has been transferred to a new owner, and the request is made by the person purchasing the property or the new owner or someone acting on behalf of the purchaser or owner.
Rule 12D-13.007, F.A.C., recognizes that the property appraiser, in the case of the sale of the whole or a portion of the assessed property and upon proper request, may figure the amount of the assessment on that portion of the whole.[2]
The Legislature has also provided for the separate taxation and assessment of subsurface rights as real property when they have been separated from the fee (or subsurface rights).[3] This office in AGO 71-134 considered whether the tax assessor could separate the taxes on the basis of claimed fractional ownership in subsurface mineral rights. The opinion concluded that "the tax assessor should, upon application of the owners, separate taxes on the basis of claimed fractional ownership."
In that opinion, this office quoted the Florida Tax Assessors Guide, which provides:
1. When property has been properly assessed in the name of the owner as of January 1st of the tax year, the assessor may not cancel the assessment by reason of a sale of the whole or a part of the property. The assessment is against the property, not the owner. 2. When the new owner or the original owner wishes to pay taxes on his proportionate share of the whole property, it is the duty of the assessor to figure the amount of taxes due on that portion of the whole. 3. The collector may issue his receipt showing that taxes have been paid on that portion of the property in order to prevent that part from being sold for delinquent taxes.
While AGO 71-134 did not address tenancies in common, that opinion did note that an assessment is against the property and it is only as the property can be divided that the assessment can be divided.
A tenancy in common is a "form of ownership whereby each tenant (i.e., owner) holds an undivided interest in property."[4] (e.s.) They "hold the same land together by several and distinct titles, but by unity of possession, because none knows his own severalty, and therefore they all occupy promiscuously."[5] When land or a lease is held by tenants in common, there is no sale or transfer of a part. A tenancy in common is not an estate but describes the relationship between persons whereby there is a unity of pos-session, and each tenant is entitled to equal use and possession.
Since there is a unity of possession and an undivided interest in property, there is no fractional ownership that can be divided.[6]
Therefore, there is no basis for a division, and the provisions of s. 197.373(1), F.S., and Rule 12D-13.007, F.A.C., are inappli-cable to taxpayers who hold land as tenants in common.
Although the Legislature has the power to allow or require a parcel of property to be divided other than as set out above,[7]
it has not done so with the exception of s. 197.373(3), F.S.[8]
Since the Legislature has not chosen to further divide the property, the tax collector may not do so. As a constitutional officer,[9] the tax collector must execute his duties in the manner directed by the Constitution and the Legislature.[10]
Therefore, the tax collector may not accept what amounts to a partial payment on a leasehold from a tenant in common.
Question Two
The tax collector is required to assess the property in the names of all persons who return the property for taxes and those persons whose ownership is reflected in instruments recorded in the public records of the situs county.[11] For leaseholds in governmental property, s. 196.199(8)(a), F.S., provides:
Any and all of the aforesaid taxes on any leasehold described in this section shall not become a lien on same or the property itself but shall constitute a debt due and shall be recoverable by legal action or by the issuance of tax executions that shall become liens upon any other property in any county of this state of the taxpayer who owes said tax.
Since the Legislature has not seen fit to divide the tax, other than as set out above, each ownership interest in the lease would be jointly and severally liable for the full amount of the tax assessment. Therefore, the tax collector may proceed against any one of the fractional owners for the full amount due.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1969).
[2] Rule 12D-13.007, F.A.C., promulgated by the Florida Department of Revenue, is entitled "Splits and Cutouts, Time for Requesting and Procedure."
[3] See, s. 193.481, F.S.
[4] See, Black's Law Dictionary Tenancy in Common (5th ed. 1979).
[5] Id.
[6] See, Day v. High Point Condominium Resorts, Ltd.,521 So.2d 1064 (Fla. 1988).
[7] See, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969).
[8] See, s. 194.171(3), F.S., which allows the tax collector to accept a good faith payment prior to an action to contest a tax assessment. With respect to time-share property, the Legislature has specifically stated that the tax collector shall accept only full payment of the taxes and special assessments due on the time-share development and that s. 197.373, F.S., is not applicable. See, ss. 192.037(7) and 197.373(4), F.S., respectively.
[9] Section 1(d), Art. VIII, State Const. 
[10] See, e.g., AGO 58-163.