PER CURIAM.
Appellants own an interval ownership condominium unit. Each year since purchasing their interest, Appellants have regularly paid the building’s managing entity their annual assessed taxes on the property. Unfortunately, the majority of the interval owners of the building did not pay their assessed taxes. Rather than pay the tax collector part of the taxes owed on the building or advancing the sum on its own, the managing entity simply failed to pay the taxes assessed on the condominium building. As a result, the taxes on the building became delinquent.
The condominium association challenged the amount of the tax assessments on the building and deposited in escrow the amount required by section 194.171, Florida Statutes. Included in that deposit were the taxes paid by appellants. At the conclusion of the litigation, the tax collector applied the money held in escrow as partial payment for over one million dollars of delinquent taxes on the building. The condominium association objected on the basis that the tax collector had sold tax certificates on land on which the taxes had already been paid; the association demanded that the tax collector allocate the partial tax payments to the interval unit owners who paid their taxes so that their interests would not be sold in the event of a tax deed application. The tax collector refused.
Subsequently, Motel Management Company purchased the tax certificates and applied for a tax deed. To satisfy the tax certificates, the building must be sold at public sale. Threatened with the loss of their property interests, Appellants moved for a temporary injunction to bar the public sale until the trial court is able to conduct a hearing and rule upon their prayer for equitable relief. The trial court refused to issue the temporary injunction. Appellants instituted this appeal. We reverse.
Finding that appellants demonstrated a prima facie showing of irreparable harm from the impending loss of their property interests, an inadequate remedy at law, and a likelihood of probable success on the merits of their action, Oxford Int’l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla.1980); see Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018 (Fla.1989), we hold that the trial court abused its discretion in failing to issue a temporary injunction.
The equities of this case are such that the injunction should be issued without bond; however, Florida Rule of Civil Procedure 1.610(b) requires that a movant post bond before a temporary injunction may be issued. It would be inequitable to require appellants to post a bond in an amount commensurate with the value of the building when they own approximately a four thousandth interest in the property and have paid their proportionate share of taxes. Thus, we require appellants to post only a nominal bond for the issuance of a temporary injunction. Accordingly, we instruct the trial judge to issue the temporary injunction upon posting of a nominal bond.
Reversed and remanded with instructions.