PER CURIAM.
This is an appeal by the plaintiffs Gene and Kathleen Southards, as class representatives of certain interval owners of a condominium complex, from an adverse final summary judgment in a declaratory decree action challenging the enforceability of tax certificates held by the defendant Motel Management Company. The plaintiffs contend that Section 192.037(2), (7), Florida Statutes (1991) is unconstitutional as applied to this case based on due process and equal protection grounds. The plaintiffs also contend that the subject tax certificates are unenforceable because the defendant Harry F. Knight, Tax Collector of Monroe County, accepted a good faith payment of ad valorem property taxes herein from the managing entity of Ocean 80 Resort. We cannot agree and affirm.
First, Section 192.037, Florida Statutes (1991), has been held facially constitutional as against an attack based on due process and equal protection grounds. Day v. High Point Condominium Resorts, Ltd., 521 So.2d 1064 (Fla.1988). We discern no substantial difference between this failed attack and the plaintiffs’ due process and equal protection attack on the statute in the instant case, except that here the plaintiffs claim that the statute is therefore invalid as applied; as conceded by the plaintiffs, however, at oral argument in this case, if the statute is unconstitutional as applied in this case, it is unconstitutional as applied in all cases — a result which the court in Day clearly rejected. This being so, the plaintiffs’s constitutional assault on the statute cannot be accepted. As stated by the trial court in the final summary judgment under review:
“20. Florida Statute Section 197.037 has already been determined to be constitutional on its face. Day, 521 So.2d at 1066-67. It is also constitutional as applied. It satisfies the test used in determining whether an act is violative of the due process clause, that is, ‘whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive.’ Day, 521 So.2d at 1066-67.
21. The legislative objective in enacting Section 192.037, F.S., was to address the unique problem caused by subdividing a condominium unit into multiple time-share units. The legislature is allowed a very broad degree of latitude in this area. Day, supra. The Supreme Court of Florida has already determined the statute was enacted to address the administrative assessment and collection problems for taxing authorities caused by the fee time-share concept.
*526 22. The statute clearly bears a reasonable relation to the permissible legislative objective of erecting an efficient assessment and collection process in the face of a vast number of time-share owners of a single condominium unit. Any other arrangement would create wholesale disarray and impede the tax assessor and the tax collector in the performance of their jobs.
23. Finally, the statute is not discriminatory, arbitrary or oppressive. First of all, it treats fee time-share owners in the same manner as all other multiple ownership, property owners; that is there is only one tax notice sent instead of a separate notice sent to each owner. Next, the statute provides a means of redress to the managing agent, as representative of time-share owners who have paid their assessments, as against those owners who have not paid. See Section 192.037(8), F.S. Further, Section 192.-037(4), F.S., preserves all the rights and privileges with respect to contesting or appealing assessments afforded property owners generally by Chapter 194, F.S., to both the managing entity and to each time-share fee owner; and finally, Section 192.037(9), F.S., gives time-share unit owners all of the protections available to other fee owners concerning application for a tax deed by the holder of a tax sale certificate. See § 197.502, F.S.”
Second, the good faith payment of ad valorem property taxes to the defendant Knight was clearly authorized by Section 194.171(3), Florida Statutes (1991), as a precondition to a prior suit by the managing entity of Ocean 80 Resort contesting the ad valorem tax assessments for certain years. This payment in no way violates Section 192.037(7), Florida Statutes (1991), and therefore does not, as urged, render the tax certificates herein unenforceable. As further stated by the trial court in the final summary judgment under review:
“24. The requirement of Section 194.-171(3), F.S., that the tax collector receive from plaintiffs who contest tax assessments the amount admitted in good faith to be owing as ad valorem taxes as a condition precedent to maintaining a challenge of those taxes, and the requirement of Section 192.037(7), F.S., that the tax collector accept no less than full payment of the ad valorem taxes due from a time-share development are not inconsistent, and are interpreted by the Court as capable of being harmonized as was done by the tax collector in this case.”
Affirmed.
BARKDULL and HUBBART, JJ., concur.