FERGUSON, Judge
(dissenting).
The very elementary question presented by this case is whether the legislature may extinguish a citizen’s fundamental rights for the sake of governmental efficiency.
I respectfully disagree that Day v. High Point Condo. Resorts, Ltd., 521 So.2d 1064 (Fla.1988), which holds that section 192.037, Florida Statutes (1991), is facially constitutional, is dispositive of the instant challenge ,to the statute as applied in this case. It seems clear to me, from a fair reading of Day, that the court abstained from reaching the question now presented. It noted:
In this case, no contention has been made that the action of the property appraiser or the tax collector resulted in the issuance of notices of delinquent taxes, the sale of tax certificates, the application for tax deeds, or the issuance of any tax deeds affecting any time-share estate.
Id. at 1067. After noting those facts, the court proceeded to apply a “rational legislative basis test” in upholding the facial validity of section 192.037(1) through (5). This case challenges subsections (2) and (7) on a different ground. Moreover, critical contentions not made in Day, noted above, are present in this case.
Appellants Gene and Kathleen South-ards, and other members of the class, are the owners of time-share units at a resort located in Islamorada, Florida.[1] The members of the class paid all the ad valorem tax *527 assessments billed them by the resort’s managing entity. The managing entity, however, failed to remit to the Tax Collector the total amount due for taxes because not all the unit owners had paid their assessments. It did remit, and the Tax Collector accepted, $178,509.90 in taxes, which included the assessments paid by the Southards and other members of the class.
The Tax Collector issued notices of delinquent taxes and sold tax certificates. Motel Management Company bought the tax certificates, applied for a tax deed, and sought a sale of the condominium building. We reversed the trial court’s denial of an injunction to halt the pending sale of the building and remanded with instructions to conduct a hearing on the appellants’ claims for equitable relief. Southards v. Motel Management Co., 567 So.2d 523 (Fla. 3d DCA 1990). This appeal follows that hearing.
Three important points are conceded by the appellees: (1) appellants’ time-share fee ownership is a fundamental property right expressly protected by article I, sections 2 and 9 of the Florida Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution; (2) the managing entity paid, and the Tax Collector accepted, $178,509.90 remitted by the South-ards and other members of the class for ad valorem taxes, which sum was used to reduce the amount of outstanding taxes owed by the resort; (3) Motel Management Company will reap the benefit of those payments, in the form of a windfall, if the appellants’ interests are extinguished by the pending sale of the building to Motel Management.
Where a fundamental right is implicated, a strict scrutiny rather than a rational basis test is the proper standard to apply in determining whether equal protection or due process rights are violated by a statute. De Ayala v. Florida Farm Bureau Cos. Ins. Co., 543 So.2d 204 (Fla.1989); Pinillos v. Cedars of Lebanon Hosp. Corp., 403 So.2d 365 (Fla.1981). A strict scrutiny analysis requires the judiciary to carefully examine the governmental interest claimed to determine first whether that interest is compelling and substantial, and further requires inquiry as to whether the means adopted to achieve the legislative goal are necessarily and precisely drawn. In re Estate of Greenberg, 390 So.2d 40, 42 (Fla.1980), appeal dismissed, 450 U.S. 961, 101 S.Ct. 1475, 67 L.Ed.2d 610 (1981).
The purpose of section 192.037 is to minimize the burden that time-share ownership creates for tax collectors. Day v. Highpoint Condo. Resorts, Ltd., 521 So.2d 1064, 1065-66 (Fla.1988). Weighed against the need for tax collection efficiency, are the constitutional guarantees which protect fundamental rights. In my view the claimed governmental interest is not so compelling and substantial that the constitutional right “to acquire, possess and protect property” must be sacrificed. Neither is there the slightest showing, by Motel Management or the government, that the statutory means adopted to achieve the legislative goal are necessarily and precisely drawn. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991) (to ascertain whether government encroachment of individual rights is justified, courts consider the propriety of the state’s purpose, the substance of the right being infringed on, the nexus between the state’s means and its intended goal, whether less restrictive alternatives were available, and whether individuals are being treated in a fundamentally unfair manner).
A fair alternative is available. Appellants have called our attention to a California statutory scheme which protects the property rights of time-share unit owners by providing for separate tax assessments and billings. Cal.Rev. & Tax Code, §§ 2188.8-9 (West 1990). I suspect that under that system any additional administrative costs involved in the separate assessments and billings is passed on to unit owners — which solves the “efficiency” problem without trampling on property rights. There is no suggestion that the California mechanism has created administrative havoc.
Finally, I must disagree with the majority suggestion that the “broad degree of *528 latitude” held by legislators in this area, is a constraint on the court’s power to invalidate a fundamentally unfair statutory scheme which has as its single purpose a streamlining of the tax collection process. That reasoning ignores an organic role of the judiciary in our three-branch form of government. Although a court may not substitute its judgment with reference to a matter properly within the legislature’s domain, Webb v. Hill, 75 So.2d 596 (Fla.1954), it is the duty of the court to strike down legislation which interferes with fundamental rights. State ex rel. Davis v. City of Largo, 110 Fla. 21, 149 So. 420 (1933). The challenge here is not to the legislature’s substantive powers, but to its failure to adhere to due process requirements.
To the extent section 192.037(7)[2] compels the extinguishment of property rights in a time-share condominium held by unit owners who have fully paid their tax assessments — solely because all the other unit owners have not paid their assessments— the provision is unconstitutional.

. The Southards are fee simple owners of one week of interval ownership and own a remainder in fee simple as tenants-in-common with the other fifty-one owners of their unit.

. Section 192.037(7) provides: "The tax collector shall accept only full payment of the taxes and special assessments due on the time-share development." Subsection (5) makes clear that the time-share period titleholders shall pay all ad valorem tax and special assessment to the managing entity, and that the managing entity is to remit payments for the entire resort to the tax collector.
Of course the constitutional question may again be avoided by holding that because the tax collector did accept less than full payment, the appellees are estopped to raise section 192.-037(7) as a bar to the appellants’ claim for relief. The equitable remedy would be to allow the sale to proceed, with Motel Management’s interest in the $10 million building being subject to the rather minuscule property interests of the appellants.