SCHWARTZ, Chief Judge.
The individual time-share unit owners who were denied the right to separate billing and payment of their property taxes by our decision in Southards v. Motel Management Co., 610 So.2d 524 (Fla. 3d DCA 1992), review denied, 620 So.2d 762 (Fla.1993), cert. denied, — U.S. —, 114 S.Ct. 303, 126 L.Ed.2d 251 (1993), now claim the right to partially redeem the tax certificate issued for nonpayment of taxes on the entire building. It is obvious that the recognition of such a right of redemption would run directly counter to the policy and practice of single project taxation required by section 192.037, Florida Statutes (1991) and upheld in Southards. Moreover, section 197.472(8), Florida Statutes (1991) expressly provides that the ability to make a “partial” redemption does not apply to time-share collections made pursuant to section 192.037, Florida Statutes. Accordingly, we affirm the denial of an injunc *64 tion precluding the sale of the tax deed for the entire property on the authority of Southards and section 197.472(8).
Affirmed.