974 So.2d 433 (2008)
LUKE INVESTMENTS, INC., Appellant,
v.
CAMELOT CONDOMINIUM OWNERS ASSOCIATION, INC., on behalf of the UNIT OWNERS OF CAMELOT, a condominium; Pinellas County Tax Collector; Ken Burke, Clerk of the Circuit Court, Pinellas County; and Board of County Commissioners, Pinellas County, Appellees.
No. 2D07-1682.
District Court of Appeal of Florida, Second District.
November 28, 2007.
Rehearing Denied February 11, 2008.
William S. Graessle of William S. Graessle, P.A., Jacksonville; and Marlene L. Kirtland and Adrienne A. Sampson of Becker & Poliakoff, P.A., Maitland, for Appellant.
Robert M. Quinn of Carlton Fields, P.A., Tampa; and Lee H. Rightmyer and Matthew J. Conigliaro of Carlton Fields, P.A., St. Petersburg, for Appellee Camelot Condominium Owners Association, Inc.
*434 No Appearance for remaining Appellees.
DAVIS, Judge.
Luke Investments, Inc., challenges the trial court's nonfinal order granting partial summary judgment in favor of Camelot Condominium Owners Association, Inc. ("the Association"), on behalf of the unit owners of Camelot, a condominium development in Pinellas County. Since this order determined the right to the immediate possession of property, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).
Camelot is a timeshare condominium that consists of more than 900 timeshare period units. Pursuant to section 192.037(1), Florida Statutes (2006), the Pinellas County tax collector considered the Association to be the property's taxpayeras agent for the individual timeshare period titleholdersfor the purposes of assessing and collecting the ad valorem taxes. It is undisputed that the Association failed to pay Camelot's ad valorem taxes for 2003, 2004, and 2005. This resulted in the impending sale of the property pursuant to chapter 197, Florida Statutes, for which the tax collector provided notice to only the Association. At the tax sale, Luke Investments was the successful bidder. The clerk of court thus issued the deed for the property to Luke Investments, which immediately recorded the deed and took possession of the property.
The Association, on behalf of the individual timeshare period, titleholders, filed a quiet title action against Luke Investments, the Pinellas County Tax Appraiser, the Pinellas County Clerk of Court, and Pinellas County itself.[1] In that action, the Association challenged the issuance of the deed, alleging that the clerk of court's notice of the sale and deed issuance was insufficient because it was not provided to each of the 900 individual timeshare period unit owners. The Association thus asked that title to the condominium be quieted in the names of the individual timeshare period titleholders. The trial court granted partial summary judgment, concluding that as a matter of law the individual titleholders were entitled to notice of the sale and that because such notice was not provided, the tax deed to the property was void. The order further required that Luke Investments vacate the property immediately. Luke Investments now appeals this order.
On appeal, Luke Investments argues that in order to reduce the workloads of the property appraiser and tax collector, the legislature devised a statutory scheme for handling the taxing of timeshare units such as Camelot. Chapter 192 provides that the property shall be assessed as a whole and in the name of the unit owners' association. It also provides that the unit owners' association shall serve as the single tax paying entity for the property as a whole. There is no question that such a plan is within the province of the legislature. See Day v. High Point Condo. Resorts, Ltd., 521 So.2d 1064 (Fla.1988).
However, the issue presented in this case is whether the legislature intended this "agency plan" to apply to the procedures prescribed by the statute for the sale of property and the issuing of a tax deed following such a sale. The parties here agree that there are no factual disputes as to whether the taxes were delinquent or whether the only notice of the sale given was to the Association as the agent. Instead, the issue we must resolve *435 is whether the statute requires that notice be given to each of the individual titleholders prior to the sale.
Section 192.037(9) states:
All provisions of law relating to enforcement and collection of delinquent taxes shall be administered with respect to the timeshare development as a whole and the managing entity as an agent of the timeshare period titleholders; if, however, an application is made pursuant to s. 197.502, the timeshare period titleholders shall receive the protections afforded by chapter 197.
The Association maintains that the plain reading of this statute indicates that although ad valorem taxes on a timeshare condominium development are to be assessed and collected through the owners' association as the agent of the individual titleholders, once there is an application made for the sale of the property and the issuance of a tax deed, the agency status of the association no longer applies and the individual titleholders must be provided notice. We agree.
Section 192.037(9) begins with the recognition that the owners' association is treated as the agent for the timeshare period titleholders for the purposes of "enforcement and collection of delinquent taxes." The plain reading of the remainder of the statute, however, indicates that the legislature has altered that agency representation in certain circumstances. Specifically, the use of the word "however" indicates that, notwithstanding the prior statement, once the provisions of section 197.502 are implicated, the individual titleholders are entitled to the "protections afforded by chapter 197."
Luke Investments argues that section 192.037(9) is satisfied by providing the owners' association with notice because the individual owners receive the notice protection of chapter 197 through their agent. We disagree.
The statute specifically provides that the timeshare period titleholders are to receive the protection of chapter 197. This statement is in contrast with the clause before the word "however," which speaks of the titleholders' agent. Section 197.502(4)(a) provides that the notice of the sale of the property shall be given to "[a]ny legal titleholder of record." Although section 192.037(1) designates the Association as the "taxpayer" and the "agent of the timeshare period titleholder," it does not designate it as the titleholder of record. Since section 197.502(4)(a) requires that the notice be given to the "titleholder" and section 192.037 provides that under these circumstances, this protection is to be provided to the timeshare period titleholder, not his agent, we conclude that the plain reading of the statute requires that in order for a sale of property for failure to satisfy delinquent ad valorem taxes to be valid, each individual timeshare period titleholder must be provided the statutorily required notice.[2] Accordingly, we affirm the trial court's partial summary judgment.
Affirmed.
VILLANTI and LaROSE, JJ., Concur.
NOTES
[1] Luke Investments is the only defendant below challenging the trial court's partial summary judgment. The remaining defendants below, however, are listed as appellees in the current appeal pursuant to Florida Rule of Appellate Procedure 9.020(g)(2).
[2] We are not deciding whether the legislature could, if it chose to, provide for the notice to be given to the agent but only that based on the present wording of the statute, the legislature has intended that the individual timeshare period titleholder receive notice prior to the sale. We are not ignoring the serious inconvenience that will be caused to the tax collector by our conclusion, however, in our opinion, the language of the statute requires such a result.