697 So.2d 939 (1997)
Jordan RICHTER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03487.
District Court of Appeal of Florida, Second District.
July 30, 1997.
James Marion Moorman, Public Defender and Frank D.L. Winstead, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
Jordan Richter has appealed from the trial court's order revoking his probation. Because Richter's failure to document his community service hours did not constitute a "willful and substantial" violation of probation, we reverse.
On April 12, 1995, Richter pleaded guilty to burglary of a conveyance and grand theft of a motor vehicle. The court entered judgment, withheld adjudication, placed Richter on concurrent three-year probationary terms for each offense, and ordered him to complete 100 hours of community service work. Subsequently, a Department of Corrections probation officer filed an affidavit asserting that Richter violated his probation by failing to document that he had completed his 100 hours of community service work. The probation officer's supervisor refused to sign or approve the affidavit.
At an earlier hearing, the probation supervisor had testified that Richter had completed his community service hours but had not obtained any documentation to that effect. A combination of circumstances led to this omission, including the probation supervisor's six-week absence from his office. Further exacerbating this administrative problem was the poor relationship between Richter and his father, who actually thwarted his son's efforts to produce the paperwork.
The record reveals that Richter, in addition to performing community service, maintained employment and was permitted to graduate with his high school class. He narrowly missed passing the GED. Nevertheless, *940 the trial court found that the failure to document the service hours constituted a willful and substantial violation of his probation conditions. In so doing, the court abused its discretion.
First, documentation of community service hours was not an actual condition of probation. Although it may have been implied, it was not expressly stated in condition (n). Second, even if failure to document were a violation, it cannot be considered substantial when one compares that omission with the actual performance of the 100 hours of service. "Where a probationer makes reasonable efforts to comply with a condition of probation, violation of the condition cannot be deemed `willful.'" Van Wagner v. State, 677 So.2d 314 (Fla. 1st DCA 1996). As in Rowan v. State, 696 So.2d 842 (Fla. 2d DCA 1997), the state has not carried its burden of proving a willful and substantial violation of probation by the greater weight of the evidence.
Reversed.
DANAHY, A.C.J., and ALTENBERND, J., concur.