872 So.2d 351 (2004)
Earl Cornelius OATES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1624.
District Court of Appeal of Florida, Second District.
April 21, 2004.
*353 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Earl Cornelius Oates appeals the trial court's order revoking his probation for aggravated assault and imposing a sentence of 58.5 months' imprisonment. The trial court found that Oates willfully and substantially violated four conditions of his probation. We conclude that the State proved only two of the four violations found by the trial court. Because we are unable to conclude that the trial court would have revoked Oates' probation on account of the two violations actually proven, we reverse the order revoking probation and remand this case to the trial court for further proceedings.
In order to support the revocation of probation, the State must prove that the defendant's violations were willful and substantial. Hanania v. State, 855 So.2d 92, 94 (Fla. 2d DCA 2003). The trial court must determine whether the violations were willful and substantial and supported by the greater weight of the evidence or, stated differently, whether the defendant made reasonable efforts to comply with the terms and conditions of probation. See State v. Carter, 835 So.2d 259, 261 (Fla.2002); Davis v. State, 867 So.2d 608, 610 (Fla. 2d DCA 2004). The trial court has broad discretion to determine whether there has been a willful and substantial violation, and our review of the trial court's determination is for abuse of discretion. Hanania, 855 So.2d at 94.
With commendable candor, the State concedes that it failed to prove willful and substantial violations of conditions 2 and 30. We agree. Condition 2 required Oates to pay $40 per month as the cost of supervision. However, there was no evidence that Oates was able to pay this cost. See Stephens v. State, 630 So.2d 1090, 1091 (Fla.1994). Condition 30 required Oates to complete domestic violence treatment. However, the State's inability to prove a willful and substantial violation of this condition was due in large part to the omission in condition 30 of a specified date by which Oates was required to complete the task and the fact that Oates was not at the end of his probationary period. See Lynom v. State, 816 So.2d 1218, 1220 (Fla. 2d DCA 2002); Haynes v. State, 571 So.2d 1380, 1381 (Fla. 2d DCA 1990). As this court has recently observed, "the better practice is for the sentencing court to specify all performance conditions." Davis v. State, 862 So.2d 931, 935 (Fla. 2d DCA 2004) (Casanueva, J., concurring).
Condition 1 stated: "Each month you will make a full and truthful report to your officer on the form provided for that purpose as instructed by your officer." In *354 addition to the failure to file reports, the State alleged and submitted evidence of extraneous matters to establish a violation of this condition. For purposes of our review, we disregard these extraneous matters as beyond the scope of this condition. Thus the allegation of a violation of condition 1 contained in the affidavit for violation of probation must be limited to the following: "[A]s of 10/18/02, [Oates'] written monthly reports for the months of August 2002, and September 2002, due in September 2002, and October 2002, respectively, have not been received by probation officer James Steere."
Competent evidence established that Oates left the reports at the Corrections office on October 23, 2002. Oates admits that both reports were "submitted late," but he argues that the affidavit did not allege this misconduct. Nevertheless, the State proved the literal language of the affidavit that the reports were not received as of October 18, 2002. This was a violation of condition 1.
We have previously held that the failure to file monthly reports is a sufficient basis to revoke probation. Robinson v. State, 773 So.2d 566, 567-68 (Fla. 2d DCA 2000). Indeed, the failure to file even a single monthly report may, in certain circumstances, justify probation revocation if such failure is willful and substantial and supported by the greater weight of the evidence. Carter, 835 So.2d at 261. The reason is that "probation reports are not merely technical niceties and the failure to report is a serious violation of the privilege of probation." Id.
Nevertheless, the trial court must consider the facts of each case with care in determining whether a violation of probation based upon a failure to file reports is willful and substantial. Id. In this case, the facts established that Oates violated condition 1 by failing to timely submit the required reports. However, the State's pleading and proof of Oates' violation of condition 1 included extraneous matters not pertinent to the failure to timely submit reports. The trial court did not indicate that it would have found a willful and substantial violation of condition 1 based only upon Oates' failure to timely submit the reports. Upon remand, the trial court must consider whether it would find a willful and substantial violation of condition 1 based solely upon Oates' failure to timely submit the reports for August and September 2002.
Condition 9 stated in pertinent part: "[Y]ou will comply with all instructions your officer may give you." Oates' probation officer testified that on August 20, 2002, Oates stated that the reason why he was in arrears with the costs of his supervision was because of his child support obligations. The probation officer testified about his response to Oates as follows:
[W]hen I saw [Oates] in September of 2002 I wanted him to bring me documentation that he was making child support payments and asked him when he wanted an appointment in the month of September. He said he could not make an appointment because he was a truck driver out of state. So I instructed him to call me when he was in town during the month of September 2002 to arrange an appointment and come in at that time and bring in the documentation of his child support payments.
The probation officer handed Oates his business card with the following instructions handwritten on the back:
 NEXT APPT
 9/02 call PO + bring
 in records of
 child support
 payments, w/payment
Oates contends that he reasonably understood these instructions to mean that *355 he was required to call for an appointment if he was "in town" in September. According to Oates, implicit in the instructions was that he was not required to call for an appointment if he was not "in town" in September because of the demands of his job as a truck driver. However, Oates' own testimony at the revocation hearing established that because his driver's license had been revoked, he was not working as a truck driver in September.
A reasonable inference to be drawn from Oates' testimony at the revocation hearing was that he was "in town" during September 2002. Significantly, Oates did not claim to have been "out of town." Because Oates was available to meet with his probation officer in September, he had no excuse for failing to call the officer in September, even by his own understanding of the officer's instructions. In light of this fact, we cannot conclude that the trial court abused its discretion in finding that Oates had willfully and substantially violated condition 9.
Despite the State's urging to the contrary, we cannot determine whether the trial court would have revoked Oates' probation based solely on his failures to timely submit monthly reports and to obey the instructions of his probation officer. Accordingly, we remand this case to the trial court for its determination whether to revoke Oates' probation. We have considered the other arguments raised by Oates and find them to be without merit.
Reversed and remanded.
CASANUEVA, STRINGER, and WALLACE, JJ., Concur.