899 So.2d 1274 (2005)
Leroy SPAYDE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D04-810, 2D04-888.
District Court of Appeal of Florida, Second District.
April 27, 2005.
*1275 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Leroy Spayde challenges the trial court's revocation of his community control and the resulting prison sentence. Although the trial court erred in finding that Spayde violated the special condition of his community control, we affirm the revocation order and the sentence because the record supports the revocation based on Spayde's violation of a different condition.
Spayde was sentenced to six months' community control to be followed by eighteen months' drug offender probation for several drug charges contained in two separate cases. As a special condition of the community control/probation, he was ordered to successfully complete a specified residential drug treatment program. Another condition of community control required him to remain in the county jail until an opening became available in the drug treatment program.
Upon his release from the county jail, Spayde reported to the drug treatment program; however, he absconded the same day. Upon his being taken into custody some time later, an affidavit of violation of community control was filed, alleging (1) that he violated the special condition by failing to complete the drug treatment program and (2) that he violated standard condition three by moving from his approved residence without prior permission. At the hearing on the violation, the trial court found that Spayde had violated both conditions as alleged in the affidavit and sentenced him to five years in prison.
The trial court erred in finding that Spayde had violated the special condition requiring him to complete the residential drug treatment program. Because the trial court imposed six months' community control to be followed by eighteen months' drug offender probation, Spayde was subject to twenty-four months of supervision. The order of community control/probation did not specify the time period in which Spayde was required to complete the treatment, nor did it require that he successfully complete it the first time he entered the program. Inasmuch as Spayde still had time during his supervision in which to complete the treatment program, the evidence did not support a finding of violation of the special condition. See Davis v. State, 862 So.2d 931 (Fla. 2d DCA 2004). Therefore, the trial court erred in finding this violation.
However, the evidence did support the finding of violation of condition three. Spayde had been directed by the community control officer to live at the drug treatment program. By leaving the program without permission, Spayde violated condition three. Accordingly, the trial court's finding of that violation is affirmed.
Having concluded that Spayde violated condition three but not the special condition, this court must decide if the one violation is sufficient by itself to justify the revocation of the community control. We will affirm the revocation if the record is clear that the trial court would have revoked *1276 the community control on the basis of the one violation alone. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004). Here, we conclude that the record supports the revocation. The trial court ordered Spayde to remain in jail until he entered the drug treatment program. It is clear that the trial court was anxious to ensure that Spayde remained under constant supervision until he had the benefits of the drug treatment program. When Spayde chose to leave the program on the day he arrived, he indicated his resistance to treatment. Since this was not the first attempt to provide Spayde treatment on probation, it is clear that the trial court would have revoked his community control on the basis of a violation of condition three alone.
Accordingly, we affirm the trial court's revocation of Spayde's community control and the sentence imposed. We reverse that portion of the order that found Spayde guilty of violating the special condition and remand with instructions that the order of revocation be amended to reflect this decision.
Affirmed in part, reversed in part, and remanded for correction.
VILLANTI, J., and THREADGILL, EDWARD F., Senior Judge, Concur.