903 So.2d 386 (2005)
Gregory SHIPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-367.
District Court of Appeal of Florida, Second District.
June 22, 2005.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Gregory Shipman challenges the trial court's order revoking his probation and sentencing him to twenty-four months' imprisonment. Because we conclude the record does not support the trial court's determination that Shipman had violated *387 certain conditions of his probation, we reverse.
In 2002, Shipman was charged with violating a domestic violence injunction (count II) and attempting to escape after he had been arrested (count I). Shipman entered a best interest guilty plea, and the court sentenced him to thirty-six months' probation on count I and twelve months' probation on count II, with both counts to run concurrently. Shipman's probationary term began in May 2002 and was to expire in May 2005. As part of his probation, Shipman was ordered to pay court costs in the amount of $359 and was ordered to perform fifty hours of community service at the rate of five hours per month. Neither the court costs condition nor the community service condition contained a schedule indicating when Shipman was required to begin or to complete the tasks.
On February 25, 2003, the Department of Corrections filed an amended affidavit of violation of probation alleging, in pertinent part, that Shipman failed to pay court costs and failed to perform community service. After a hearing on December 18, 2003, the court found Shipman committed both violations, revoked his probation, and sentenced him to twenty-four months' imprisonment. On appeal, Shipman contends, among other things, that "[n]othing in the probation order required that Shipman pay the court costs by a certain time within the three-year period," and that the probation order likewise "did not specify a beginning and ending period for doing the community service work." Shipman argues that in the absence of such requirements in the probation order, his failure to fulfill the conditions after eight months of his three-year probationary term did not constitute a violation of those conditions. We conclude that Shipman's argument has merit.
In Oates v. State, 872 So.2d 351, 353 (Fla. 2d DCA 2004), we relied on the rule that "the omission" from a probation order "of a specified date by which [a probationer] was required to complete [a particular] task" combined with "the fact that [the probationer] was not at the end of his probationary period" results in "the State's inability to prove a willful and substantial violation." A probation condition requiring the probationer "to complete domestic violence treatment" was the task at issue in Oates, 872 So.2d at 353. See also Spayde v. State, 899 So.2d 1274 (Fla. 2d DCA 2005); Gessner v. State, 890 So.2d 565 (Fla. 2d DCA 2005); Lynom v. State, 816 So.2d 1218 (Fla. 2d DCA 2002); Butler v. State, 775 So.2d 320 (Fla. 2d DCA 2000); O'Neal v. State, 801 So.2d 280 (Fla. 4th DCA 2001); Melecio v. State, 662 So.2d 408 (Fla. 1st DCA 1995).
The rule articulated in Oates and similar cases is applicable here. In Tracy v. State, 673 So.2d 544, 544-45 (Fla. 4th DCA 1996), the rule was applied to circumstances identical to those present here.
[B]ecause the order placing him on [probation] did not specify either a payment schedule or a time limit for paying costs and fees, or a time limit for completing community service, appellant had the entire time of his probation in which to do so. This revocation, which occurred before the term was up, was thus improper.
Id. (citation omitted).
Finally, we note that this case is not one in which the probationer due to his dilatory conduct has placed himself in a position where it will be impossible to satisfy a condition of his probation before the conclusion of the probationary term. Specifically with respect to the community service condition, more than adequate time remained for Shipman to complete his obligation by performing community service at *388 the rate of five hours per month for the requisite number of months.
We therefore reverse the trial court's order revoking Shipman's probation.
Reversed.
ALTENBERND, C.J., and STRINGER, J., Concur.