915 So.2d 764 (2005)
James Norman KING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3248.
District Court of Appeal of Florida, Second District.
December 9, 2005.
*765 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
In this appeal, briefed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), James King challenges the revocation of his community control. We affirm without comment that portion of the trial court's order finding violations of conditions 3, 5, 9, and 12. We also affirm the trial court's revocation based on those violations. We reverse and remand only to strike the court's finding that King violated condition 27.
Condition 27 required King to complete 100 hours of community service at any approved community site at the rate of 5 hours per month. At the revocation hearing, King's community control officer testified that King failed to submit any documentation of completion for the months of February and March 2004. However, documentation of community service hours was not an express condition of community control. The only evidence as to whether King actually completed his community service was witness Mary Doan's and King's testimony that he did. The State failed to meet its burden of proving a willful and substantial violation of condition 27 by the greater weight of the evidence. See Richter v. State, 697 So.2d 939, 940 (Fla. 2d DCA 1997) ("First, documentation of community service hours was not an actual condition of probation. Although it may have been implied, it was not expressly stated in condition (n). Second, even if failure to document were a violation, it cannot be considered substantial when one compares that omission with the actual performance of the 100 hours of service."). Therefore, we reverse that portion of the trial court's order finding a violation of condition 27 and remand to strike the finding.
We affirm the trial court's revocation of King's community control because it is clear from the record that the trial court would have revoked King's community control based on his violations of conditions 3, 5, 9, and 12. See Mitchell v. State, 871 So.2d 1040 (Fla. 2d DCA 2004). During the revocation hearing, the trial court specifically stated, "I can't overlook these violations. These are serious violations. Failing to remain confined to your residence [condition 12] [and] committing a new crime while on community control [condition 5] [are] serious violations."
*766 Affirmed in part, reversed in part, and remanded.
DAVIS and SILBERMAN, JJ., Concur.