931 So.2d 251 (2006)
Lamar Anthony BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1676.
District Court of Appeal of Florida, Second District.
June 16, 2006.
*252 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Lamar Bryant appeals the revocation of his probation, contending that the evidence was insufficient to establish that he had willfully and substantially violated the terms of his probation. We affirm the revocation of Bryant's probation based on the trial court's finding that Bryant willfully and substantially violated conditions 1, 5, and 18. However, we remand for the trial court to strike the finding of a violation of condition 27 because there was insufficient evidence to establish a willful and substantial violation of this condition.
In December 2002, Bryant was sentenced to twenty-four months' probation as part of a negotiated plea. In August 2003, following a finding that Bryant had violated his probation, the trial court adjudicated Bryant guilty of the underlying offenses and resentenced Bryant to a new term of twenty-four months' probation. In December 2004, the Department of Corrections filed an affidavit of violation of probation contending, among other things, that Bryant had violated condition 27 of his probation. Condition 27 required Bryant to complete fifty hours of community service at the rate of five hours per month during the term of his probation.
At the revocation hearing, Bryant's probation officer testified that she had no documentation to show that Bryant had completed any of his required community service hours. Bryant testified that he had completed thirty of his required fifty hours by working at Progress Village Park. Bryant testified that the assistant park manager had the paperwork to prove this, but he testified that she had told him that she had to keep the paperwork until he had completed all fifty hours. The State presented no evidence to refute Bryant's testimony that he had, in fact, completed thirty hours of community service. In finding that Bryant had violated *253 condition 27, the trial court stated, "[A]s to the Condition 27, I find a willful and substantial violation because Mr. Bryant basicallyI don't believe there's any documented community service hours that are before the Court. And that's what's required."
In Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005), this court held that the State cannot prove a willful and substantial violation of a condition to complete community service hours, even when the order contains a per-month rate of completion, when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours at the required rate.
"[T]he omission" from a probation order "of a specified date by which [a probationer] was required to complete [a particular] task" combined with "the fact that [the probationer] was not at the end of his probationary period" results in "the State's inability to prove a willful and substantial violation."
Id. (quoting Oates v. State, 872 So.2d 351, 352 (Fla. 2d DCA 2004)).
In this case, Bryant's probation order required him to complete fifty hours of community service; however, it did not contain a specified date by which he was to complete those hours. The record reflects that when the affidavit of violation was filed, Bryant had eight months remaining in his probationary period. Assuming that Bryant had, in fact, already completed thirty of his fifty community service hours, he had more than sufficient time to complete the remaining twenty hours during the eight months left in his probationary period. Thus, the State failed to prove a willful and substantial violation of this condition.
Moreover, contrary to the trial court's finding at the revocation hearing, Bryant's failure to submit documentation of his community service hours does not constitute a violation of condition 27. Condition 27 requires the probationer to actually perform the community service work. "[D]ocumentation of community service hours was not an actual condition of probation." King v. State, 915 So.2d 764, 765 (Fla. 2d DCA 2005); see also Richter v. State, 697 So.2d 939, 940 (Fla. 2d DCA 1997). Thus, Bryant's failure to submit documentation of his community service hours cannot support a finding that he violated condition 27 of his probation, which requires only actual performance of the work itself.
Despite the fact that the State failed to prove a violation of condition 27, we affirm the revocation of Bryant's probation because it is clear from the record that the trial court would have revoked his probation based solely on the violations of conditions 1, 5, and 18. However, we remand for the trial court to strike the finding concerning the violation of condition 27 and enter a corrected revocation order.
Affirmed and remanded with instructions.
FULMER, C.J., and WHATLEY, J., Concur.