930 So.2d 854 (2006)
Jamarius POLLARD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-527.
District Court of Appeal of Florida, Second District.
June 16, 2006.
*855 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Jamarius Pollard appeals the revocation of his community control, contending that the evidence was insufficient to establish that he had willfully and substantially violated the terms of his community control. We affirm the revocation of Pollard's community control based on the trial court's finding that Pollard willfully and substantially violated conditions 12 and 32. However, we remand for the trial court to strike the finding of a violation of condition 27 because there was insufficient evidence to establish a willful and substantial violation of this condition.
In April 2003, Pollard pleaded guilty to a charge of being a principal to an attempted robbery with a firearm. He was sentenced to six years of youthful offender probation. In June 2004, after the court found that Pollard had violated his probation, Pollard was resentenced to two years of youthful offender community control. In November 2004, the Department of Corrections filed an affidavit of violation of community control contending, among other things, that Pollard had violated condition 27 of his community control. Condition 27 required Pollard to complete 100 hours of community service at the rate of five hours per month during the term of his community control.
At the revocation hearing, Pollard's probation officer testified that Pollard had failed to complete any community service hours in either September or October 2004. However, she admitted that Pollard had already completed seventy-five hours and had only twenty-five hours left to complete during the remaining twenty-two months of his community control. Despite this, the trial court found that Pollard had willfully and substantially violated condition 27 by failing to complete his required community service hours.
In Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005), this court held that the State cannot prove a willful and substantial violation of a condition to complete community service hours, even when the order contains a per-month rate of completion, when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours at the required rate.
"[T]he omission" from a probation order "of a specified date by which [a probationer] was required to complete [a particular] task" combined with "the fact that [the probationer] was not at the end of his probationary period" results in "the State's inability to prove a willful and substantial violation."
Id. (quoting Oates v. State, 872 So.2d 351, 352 (Fla. 2d DCA 2004)).
In this case, Pollard's community control order did not contain a specified date by which Pollard was to complete his community service hours, and he was not at the end of his period of community control. Pollard had more than sufficient time to complete his remaining twenty-five hours of community service during his *856 community control period. The State presented no evidence that Pollard had refused to complete the remaining hours or was actively avoiding this requirement. Thus, the State failed to prove a willful and substantial violation of condition 27.
Despite the fact that the State failed to prove a violation of condition 27, we affirm the revocation of Pollard's community control because it is clear from the record that the trial court would have revoked Pollard's community control based solely on the violations of conditions 12 and 32. However, we remand for the trial court to strike the finding concerning the violation of condition 27 and enter a corrected revocation order.
Affirmed and remanded with instructions.
FULMER, C.J., and WHATLEY, J., Concur.