948 So.2d 1042 (2007)
Paul Roy DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2983.
District Court of Appeal of Florida, Second District.
February 23, 2007.
*1043 Brooke V. Elvington and Leslie M. Sammis of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Katherine Coombs Cline, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Paul Roy Dean appeals the revocation of his probation, claiming the State failed to prove by the greater weight of the evidence that he willfully and substantially violated conditions 15 and 27. We agree and reverse for the reasons discussed below.
On May 27, 2004, Dean was convicted of driving under the influence involving serious bodily injury and placed on five years' probation. By amended affidavit filed on August 17, 2005, Dean was charged with violating conditions 15 and 27 of his probation. The condition 27 violation related to Dean's failure to perform 150 community service hours at the rate of five hours per month. The State rightfully concedes error on this point. There was no starting or ending date specified in the probation order as well as no evidence of Dean's refusal to perform. See Pollard v. State, 930 So.2d 854, 855 (Fla. 2d DCA 2006) (citing Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005)) ("[T]he State cannot prove a willful and substantial violation of a condition to complete community service hours, even when the order contains a per-month rate of completion, when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours at the required rate."). We have previously suggested a manner in which to rectify this type of deficiency in a probation order and why it is important to do so.[1]
The condition 15 violation related to prohibitions against alcoholic beverage consumption and visiting businesses whose main source of income is from the service of alcoholic beverages. Although the amended affidavit alleged Dean violated condition 15 in both alternative ways, no evidence whatsoever was presented as to the latter provision. Rather, at the violation hearing, the State relied exclusively on the testimony of Carolyn Upshaw, a probation office supervisor, and Sandra Lugo, the program manager of Interlock Systems of Florida. Interlock Systems of Florida had installed and maintained an interlocking device in Dean's car. Dean was required to blow into this device prior to starting his vehicle and at random times during the operation of the vehicle. The device was designed to detect whether Dean had consumed alcohol.
From notes in Dean's probation file, Ms. Upshaw testified that on several afternoons and early evenings, Dean's device registered positive readings. Significantly, none of the referenced records were introduced into evidence; nor did Dean's probation officer testify. Ms. Lugo explained pertinent aspects of the interlocking device in general. Apparently, if an unsatisfactory *1044 level of alcohol is detected in the breath sample required to start the vehicle, the ignition will "lock up." The test readings are downloaded by the company, and the probationer is then required to provide this information in conjunction with his monthly reports to his probation officer. Ms. Lugo testified in rebuttal that the company's records did not indicate any instrument malfunction. She further testified that "mouth alcohol" would register false positive readings based upon nonalcoholic beverages, including food. The State did not introduce any business records through this witness.
After his motion for judgment of acquittal was denied, Dean testified that he reported several failures of the interlocking device to the company and that the device was replaced on one occasion. Dean also testified that he had not consumed any alcoholic beverages since being placed on probation and that he passed every bimonthly urinalysis performed by probation personnel. Dean further testified that during several consensual random searches of his home, his probation officer found no alcohol. The State introduced no records or evidence to the contrary.
Finally, Dean's supervisor at his employment testified. The supervisor corroborated Dean's testimony, at least in part, that on two days after work he loaned Dean his cell phone to report the device's malfunctions and to call for a tow truck. He also read the device's message during these "lock ups" but could not recall the exact verbiage on the display. The supervisor further stated that he never observed Dean under the influence of alcohol or drugsthat it was "part of [his] training . . . [to] continually examine [employees]" and anyone suspected of using drugs or alcohol was immediately sent for testing.
Following the close of all evidence, the trial judge remarked to Dean's attorney, "[Q]uite frankly, Miss Athan, I don't believe your client." However, shortly after this remark, Miss Athan argued, "[T]here's nothing in this record, nothing in this record other than hearsay that substantiates the allegations . . . a violation of probation cannot be supported strictly on hearsay." The trial judge responded, "I agree with you. I agree," but the trial judge then went on to ask, "What about his community service work?" Thereafter, the trial court found Dean guilty and sentenced him to sixty months in prison. Additionally, the order of revocation entered is subject to some interpretation because it does not specify whether Dean was convicted of violating one or both conditions charged. The order provides only that the "defendant has not properly conducted himself and violated the conditions of Probation in a material respect by VIOL COND, CONDITION(S) NOT STATED, ADJ. GUILTY, 60 MONTHS FSP W/CREDIT." Because the State agrees that the evidence was legally insufficient as to condition 27, and this is a correct statement of the law, we need analyze only the sufficiency of the evidence as it relates to condition 15.
The State has "the burden of proving by the greater weight of the evidence that a probationer has willfully and substantially violated probation." Hines v. State, 789 So.2d 1085, 1086 (Fla. 2d DCA 2001). There is no question that the State may present hearsay testimony and that the trial court may consider it in making this determination; however, a revocation of probation finding cannot be sustained based solely upon hearsay testimony. See, e.g., Robinson v. State, 744 So.2d 1188, 1189 (Fla. 2d DCA 1999); see also DeJesus v. State, 848 So.2d 1276, 1278 (Fla. 2d DCA 2003). Here, because no business records were introduced, the State's proof consisted solely of testimony from two witnesses *1045 Ms. Upshaw and Ms. Lugo. Neither of these witnesses had any personal knowledge of any of the facts necessary to support a finding that Dean willfully and substantially violated condition 15. Each witness's testimony emanated exclusively from her review of business records contained in the probation file or a corporate file, the contents of which were garnered from information supplied by nontestifying sources. Without any of these records being introduced into evidence, there was no direct evidence regarding Dean's alleged alcohol consumption. In fact, the only direct evidence presented was to the exact contrarythat Dean had not consumed any alcohol. Obviously, a defendant's testimony may be considered in determining whether the greater weight of the evidence supports a revocation. See Hines, 789 So.2d at 1086. However, under the facts of this case, even though the trial court may not have believed Dean, his testimony did not otherwise further the State's theory or burden of proof. Moreover, a positive (Dean used alcohol) may not be inferred from a negative (Dean denied using alcohol). Thus, "[s]tanding alone, this pure hearsay was insufficient." Bales v. State, 793 So.2d 87, 88 (Fla. 2d DCA 2001). Because the State failed to prove that Dean willfully and substantially violated his probation, we reverse the order revoking his probation and remand for Dean's reinstatement on probation.
Reversed and remanded for reinstatement of Dean's probation.
DAVIS and LaROSE, JJ., Concur.
NOTES
[1] "In the future, trial judges imposing a per-month hour requirement for community service might announce the condition more clearly by specifying a beginning and ending date for completing the hours." Bowser v. State, 937 So.2d 1270, 1273 (Fla. 2d DCA 2006). Otherwise, "the State is limited in its ability to prove a willful and substantial violation. . . ." Id. Further, "it may be wise to update the probation forms. . . ." Id.