WHATLEY, Judge.
 

 Sharif Miffin seeks review of an order revoking his probation in three lower court cases. Because the trial court properly found that Miffin committed the new law violation of grand theft motor vehicle, we affirm the revocation of probation and resulting sentences. However, we remand for the trial court to strike the remaining findings of violations as improperly based solely on hearsay.
 

 A probation revocation hearing was held on May 2, 2008. The trial court found that Miffin violated his probation by failing to make a full and truthful report (Condition 1), changing residence or employment without consent (Condition 3), committing
 
 *378
 
 the new law violation of grand theft motor vehicle (Condition 8), and failing to comply with all instructions of his probation officer (Condition 10). Miffin was sentenced to 20 years in prison on each of the three cases, all sentences to run concurrently.
 

 We review a trial court’s revocation of probation under an abuse of discretion standard.
 
 State v. Carter,
 
 835 So.2d 259, 262 (Fla.2002). The State must prove violations of probation by the greater weight of the evidence.
 
 Dean v. State,
 
 948 So.2d 1042, 1044 (Fla. 2d DCA 2007). While hearsay is admissible to help establish a violation, “a revocation of probation finding cannot be based
 
 solely
 
 upon hearsay testimony.”
 
 Id.
 

 The State concedes, and the record confirms, that the violations of probation for failure to make a full and truthful report (Condition 1) and changing employment without consent (Condition 3) are based solely on hearsay. Accordingly, the State failed to meet its burden of proof as to these alleged violations and the trial court abused its discretion by finding that Miffin violated Conditions 1 and 3.
 

 Similarly, the allegation that Miffin failed to follow his probation officer’s special instruction to report to the probation office (Condition 10) is based solely on hearsay evidence. The probation officer testified that he attempted three times to contact Miffin at his approved residence but that Miffin was not home on any of the three visits. The probation officer left a message with Miffin’s cousin that if Miffin did not report to the office he would obtain a warrant for Miffin’s arrest, and Miffin failed to report. The cousin did not testify at the probation hearing, and no evidence was presented that Miffin ever received the instruction from his probation officer. Thus, the State failed to prove a violation of Condition 10 and the trial court abused its discretion in finding a violation of that condition.
 

 As to Condition 8, grand theft of a motor vehicle, section 812.014(1), Florida Statutes (2007), states:
 

 A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
 

 (a) Deprive the other person of a right to the property or a benefit from the property.
 

 (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
 

 Theft of a motor vehicle constitutes grand theft. § 812.014(2)(c).
 

 The State presented testimony of Officers Bradshaw and Brown of the St. Pe-tersburg Police Department. Officer Bradshaw testified that Miffin was spotted driving a stolen vehicle and when Bradshaw attempted a stop of the vehicle, Mif-fin exited the car and ran. Police eventually located Miffin, and Miffin gave a statement to Officer Brown. Brown testified that Miffin acknowledged that the steering column of the vehicle was damaged and that stolen cars often have that type of damage because the ignition is pried out and the car is started with a screwdriver. Officer Brown testified that this vehicle had to be started with a screwdriver. Miffin also admitted he thought the vehicle might have been stolen.
 

 Based on the testimony of Officers Bradshaw and Brown, the State established by the greater weight of the evidence that Miffin committed grand theft motor vehicle. Thus, we affirm the trial court’s finding that Miffin violated Condition 8 by failing to live and remain at liberty without violating the law.
 

 
 *379
 
 Because the State met its burden of proof as to the new law violation of grand theft motor vehicle, we affirm the revocation of probation and resulting sentences.
 
 See Underwood v. State,
 
 455 So.2d 1133, 1133 (Fla. 2d DCA 1984) (affirming revocation because single new law violation “was substantial enough, by itself, to warrant revocation”). However, we remand for the trial court to strike the findings that Miffin violated Conditions 1, 3, and 10.
 

 Affirmed and remanded with directions.
 

 SILBERMAN and CRENSHAW, JJ., Concur.