LaROSE, Judge.
In late 2009, fourteen-year-old D.F. pleaded no contest to misdemeanor battery. The trial court placed him on probation for a term not to exceed his nineteenth birthday.[1] Subsequently, in 2010, the trial court found D.F. in violation of condition nine for failing to provide written proof that he had completed his community service hours. The trial court continued D.F.’s probation and added ten additional community service hours to the probation conditions. D.F. appeals. Condition nine required D.F. to complete the service hours by March 31, 2010, and to provide written proof. However, condition nine did not specify a date by which D.F. must provide the documentation. See § 775.021(1), Fla. Stat. (2009) (ambiguities “shall be construed most favorably to the accused”) (rule of lenity). Consequently, we must reverse.
Condition nine of the original disposition order stated as follows:
Community Service: 10 hours to be performed by the child at the rate of 10 hours per month. Written proof shall be provided to the juvenile probation officer, aftercare or conditional release counselor.... Community service hours are to begin by 2/1/10 and be completed by 3/31/10.
D.F. had two months to complete the service hours. His probation, however, could continue beyond that time. We find it interesting that the State did not charge D.F. with a violation of condition four: “The child shall ... carry out all instructions of the ... juvenile probation officer .... ” D.F.’s probation officer testified that D.F. told her on June 22 that he had completed the service hours but could not find the supporting paperwork. She testified that she repeatedly asked D.F. and his mother for the documentation.
The trial court framed its inquiry as to whether D.F. had complied with the written verification requirement of condition nine:
Regardless of whether he did the hours or not. He may have. I can’t find that he didn’t. The probation officer was only able to testify that he said that he did and she was unable to verify it.... Paragraph nine clearly states written proof shall be provided to the juvenile probation officer after care or conditional release counselor. So that’s all I want to focus on. Not whether he did them or didn’t do them, but whether or not he gave written proof to his probation officer. Which her testimony before the Court is that he has not.
In doing so, the trial court conflated conditions four and nine. An alleged violation of condition nine, however, was the basis for the trial court’s decision. Condition nine does not tell D.F. when to submit the documentation.
In Dean v. State, 948 So.2d 1042 (Fla. 2d DCA 2007), we reversed a revocation of probation where the order requiring the defendant to perform 150 community service hours at the rate of five hours per month failed to specify a starting or end *51 ing date and there was no evidence of his refusal to perform. Id. at 1043; see Matthews v. State, 943 So.2d 984, 985 (Fla. 2d DCA 2006) (“This court has consistently-held that such a violation will not be deemed willful and substantial if the performance parameters have not been spelled out and sufficient time remains in the probationary period for the probationer to complete the requirement.”); Pollard v. State, 930 So.2d 854, 855 (Fla. 2d DCA 2006) (“[T]he State cannot prove a willful and substantial violation of a condition to complete community service hours, even when the order contains a per-month rate of completion, when the order does not contain a beginning and ending date for completing the hours and when there is sufficient time remaining for the probationer to complete the required hours at the required rate.”) (citing Shipman v. State, 903 So.2d 386, 387 (Fla. 2d DCA 2005)). Here, the probation order specified the date by which D.F. must complete the community service hours; it omitted a deadline for submitting written documentation. Several years remained in D.F.’s probationary period. We cannot conclude that D.F. willfully and substantially violated condition nine under these circumstances.
Reversed.
CASANUEVA and MORRIS, JJ., Concur.

. If a trial court adjudicates a child delinquent, juvenile probation may not exceed the maximum term the court could impose on an adult for the same offense. See § 985.435(5), .455(3), Fla. Stat. (2009). Where, as here, the trial court withholds adjudication of delinquency, see § 985.35(4)(a), it may impose probation until a juvenile's nineteenth birthday. See N.W. v. State, 767 So.2d 446, 450 (Fla.2000); R.F. v. State, 42 So.3d 333, 334-35 (Fla. 2d DCA 2010).