BLACK, Judge.
C.B.H., a juvenile, challenges the revocation of his probation and his commitment to the Department of Juvenile Justice based thereon. We agree with C.B.H.’s contention that the revocation was based solely upon hearsay and, accordingly, we reverse.
During the violation of probation hearing, Officer Richard Schmidt testified that on February 23, 2012, he went to the home of C.B.H., who was in the care and custody of his mother, in response to a report for a runaway juvenile. The officer testified that he spoke with C.B.H.’s mother outside of the home and that she told him C.B.H. was not home, in violation of his curfew. The officer also testified that he did not search the house. C.B.H.’s mother did not testify at the hearing. The trial court found C.B.H. to be in violation of his probation for failing to adhere to his curfew, adjudicated him delinquent, and committed him to the Department of Juvenile Justice.
Though hearsay testimony is admissible to assist in establishing a probation violation, “ ‘a revocation of probation finding cannot be based solely upon hearsay testimony.’ ” Miffin v. State, 19 So.3d 377, 378 (Fla. 2d DCA 2009) (quoting Dean v. State, 948 So.2d 1042, 1044 (Fla. 2d DCA 2007)). C.B.H. correctly asserts that the trial court revoked his probation based solely upon the hearsay testimony of the officer. See Grimsley v. State, 830 So.2d 118, 119 (Fla. 2d DCA 2002) (concluding that testimony of officer that an individual from probationer’s approved residence told her that probationer no longer lived there was hearsay and, without nonhearsay evidence, was insufficient to support probation revocation); Smith v. State, 690 So.2d 733, 734 (Fla. 4th DCA 1997) (concluding same); see also Kipp v. State, 657 So.2d 931, 932 (Fla. 2d DCA 1995) (concluding that testimony of officer that probationer did not report as required, which was based solely on her review of the probation office sign-in log not admitted into evidence, was hearsay and insufficient to support probation revocation).
On the record before us, we find that the only evidence offered to prove the violation was hearsay. We must, therefore, reverse *451 the revocation of C.B.H.’s probation and his commitment.
Reversed.
WALLACE and KHOUZAM, JJ., Concur.