NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANTHONY SCOTT MIDDLETON,    )
    )
       Appellant,    )
    )
v.    )    Case No. 2D13-4032
    )
STATE OF FLORIDA,    )
    )
       Appellee.    )
_____)

Opinion filed November 5, 2014.

Appeal from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Howard L. Dimmig, II, Public Defender, and
Timothy J. Ferreri, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan D. Dunlevy,
Assistant Attorney General, Tampa, for
Appellee.


DAVIS, Chief Judge.

       Anthony Middleton challenges the revocation of the probation he was

serving in circuit court case numbers CRC05-00605 and CRC05-00736. The trial court

found Middleton to be in violation of his probation for leaving his county of residence

without permission, possessing a weapon, and committing new law offenses. We

conclude that the trial court did not err in finding that Middleton willfully and substantially violated his probation for leaving the county and committing the new offenses, and we affirm the revocation of his probation on those bases without further comment.

However, the trial court erred in finding Middleton in violation of condition five of his probation for possessing a weapon as that condition prohibited him from possessing a firearm. The State did not allege, and nothing in the record suggests, that Middleton possessed a firearm. As such, we remand for the trial court to strike the finding that Middleton violated condition five of his probation. See Miffin v. State, 19 So. 3d 377, 379 (Fla. 2d DCA 2009) ("Because the State met its burden of proof as to the new law violation of grand theft motor vehicle, we affirm the revocation of probation and resulting sentences. However, we remand for the trial court to strike the findings that Miffin violated [c]onditions 1, 3, and 10." (citation omitted)).

Affirmed but remanded.


WALLACE and SLEET, JJ., Concur.