NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN ISAIAH MILLER,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D15-2554
　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

Opinion filed March 30, 2016.

Appeal from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa,
for Appellee.

MORRIS, Judge.

　　　　　Jonathan Miller appeals the revocation of his probation for the offense of

tampering with a witness and his resulting four-year prison sentence.  He challenges the

revocation of his probation on two bases.  We find no merit in his first argument, but we

agree with his second.  We affirm the revocation of his probation and his sentence but

remand for the trial court to strike the violation of special condition eight from the revocation order.

Special condition eight of Miller's probation required him to "successfully complete 25 hours of community service at a rate of 5/month." Miller began serving his eighteen-month probation term in August 2014. The affidavit of violation was filed approximately five months later in January 2015. The violation of probation hearing was held on May 11 and 13, 2015, approximately halfway through the probation term. The trial court found that Miller violated this condition of probation because "there was a minimum monthly requirement" that he was required to complete, giving "him a de facto beginning and end."

Miller argues that the trial court erred in finding him in violation of special condition eight of his probation because the order of probation did not specify a time period within which he was required to complete his twenty-five hours of community service. This court has held that a similarly worded condition does not contain "a beginning and ending date for completing the hours" and that "when there is sufficient time remaining for the probationer to complete the required hours at the required rate," the State cannot prove a willful and substantial violation. Bryant v. State, 931 So. 2d 251, 253 (Fla. 2d DCA 2006); see, e.g., Dean v. State, 948 So. 2d 1042, 1043 (Fla. 2d DCA 2007); Pollard v. State, 930 So. 2d 854, 855-56 (Fla. 2d DCA 2006); Shipman v. State, 903 So. 2d 386, 387 (Fla. 2d DCA 2005).

Because Miller had approximately nine months left to complete his community service hours of twenty-five hours at a rate of five per month, the trial court erred in finding Miller in violation of special condition eight of his probation. However,

we affirm the revocation of Miller's probation because it is clear from the record that the trial court would have revoked Miller's probation based on the two new law violations proven at the hearing.  See Pollard, 930 So. 2d at 856.  We remand for the trial court to strike special condition eight from the order of revocation.

Affirmed; remanded.


CASANUEVA and SALARIO, JJ., Concur.