KOGAN, Justice.
We review Spanish River Resort Corporation v. Walker, 497 So.2d 1299 (Fla. 4th DCA 1986), to answer two certified questions of great public importance. Art. V, § 3(b)(4), Fla. Const.
The Spanish River Resort is an eleven story building containing seventy-two units converted in 1980 to a condominium authorizing time-sharing pursuant to section 718.103(19), Florida Statutes (1983). Not all of the units in the development were converted to time-share estates; some remain as standard condominium units. Using the market approach to value, the *678 property appraiser valued the time-share units under section 192.037, Florida Statutes (1983), based on the listed asking price for individual unit “weeks” of the timeshare estates. The twenty-two units in which no time-share interests had been sold were separately assessed. As a result the units in which no time-share interests existed were valued at $25,000.00 while the time-share units were assigned a value approximately ten times that of the unfrag-mented condominium units. In expressly declaring section 192.037 constitutional on both due process and equal protection grounds, the district court certified the following questions to this court:
I. UNDER THE FACTS OF THIS CASE, WAS THE PROPERTY APPRAISER CORRECT IN ASSESSING EACH INDIVIDUAL TIMESHARE “WEEK” OR SHOULD THAT ASSESSMENT HAVE BEEN RESTRICTED TO THE FAIR MARKET VALUE OF THE ENTIRE CONDOMINIUM APARTMENT UNIT WITHOUT REFERENCE TO ITS SUBDIVISION INTO TIMESHARE INTERESTS?
II. ARE WE CORRECT IN UPHOLDING THE CONSTITUTIONALITY OF SECTION 192.037, FLORIDA STATUTES (1983)?
497 So.2d at 1306.
We recently answered the first question in the affirmative in Oyster Pointe Resort Condominium Association, Inc. v. Nolte, 524 So.2d 415 (Fla.1988). This court has also answered the second question in the affirmative in Day v. High Point Condominium Resorts, Ltd., 521 So.2d 1064 (Fla.1988). We approve the decision of the fourth district on the authority of Oyster Pointe and Day.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.