704 So.2d 630 (1997)
Michael PIZZARELLI and Michele Pizzarelli, as parents and natural guardian of Carlene Pizzarelli, a minor, Appellants,
v.
Jane ROLLINS and Dasha Marie Cates, Appellees.
No. 96-3628.
District Court of Appeal of Florida, Fourth District.
November 19, 1997.
Clarification Granted December 19, 1997.
*631 Julie H. Littky-Rubin and Michael J. Overbeck of Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, West Palm Beach, for appellants.
Garrison M. Dundas of Brennan, Hayskar, Jefferson, Walker & Schwerer, P.A., Fort Pierce, for appellees.
Dock A. Blanchard of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Amicus Curiae-The Academy of Florida Trial Lawyers.
ENGLANDER, PATTI HENNING, Associate Judge.
The issue before this Court is whether a jury's award for future medical benefits should be offset by any remaining Personal Injury Protection (PIP) benefits.
At the time of trial in July 1996, appellant (plaintiff below), argued that section 627.7372, Florida Statutes (1991), which has since been repealed, was applicable to the 1992 incident which was the subject of the trial below. Appellee, to the contrary, maintained that section 627.736, Florida Statutes (1991), was controlling. The trial court ruled that the issue of any set-off would be addressed post-trial and gave the jury the standard collateral source jury instructions. A "zero" was typed into the "past medical expense" section of the verdict form before the jury received the verdict form. Consequently, the jury did not award any past medical expenses. The jury did award $5,000 for future medical expenses.
At a subsequent hearing, the trial judge entered an offset of $524.78 which he believed was unused available PIP benefits. Appellant and appellee disagree as to whether any PIP benefits actually remained to be used as a set-off, but resolution of that dispute is unnecessary to resolve the issue before us.
Section 627.7372, Florida Statutes (1991), reads in pertinent part:
Section 627.7372 Collateral sources of indemnity.
(1) In any action for personal injury or wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle, the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant from any collateral source.
(2) For purposes of this section, "collateral sources" means any payments made to the claimant, or on his behalf.
(Emphasis supplied).
Section 627.736 (3), Florida Statutes (1991), reads in pertinent part:
An injured party who is entitled to bring suit ... shall have no right to recover any damages for which personal injury protection benefits are paid or payable. The plaintiff may prove all of his special damages notwithstanding this limitation, but if special damages are introduced in evidence, the trier of facts, whether judge or jury, shall not award damages for personal injury protection benefits paid or payable. In all cases in which a jury is required to fix damages, the court shall instruct the jury that the plaintiff shall not recover such special damages for personal injury protection benefits paid or payable.

(Emphasis supplied).
This court previously reviewed section 627.7372, Florida Statutes (1991), in White v. Westlund, 624 So.2d 1148 (Fla. 4th DCA 1993). In that case, the court was asked to decide whether section 768.76, Florida Statutes (1987), the general statute governing damages in negligence actions, or section 627.7372, Florida Statutes (1987), the statute specifically directed at tort actions involving motor vehicles, governed collateral source offset in automobile accident cases. There, appellant, who believed section 768.76 controlled, challenged the trial court's refusal to award a set-off for future disability benefits against the jury's verdict. This court concluded that between the two statutes, section *632 627.7372 was more appropriate for automobile accident cases and that the trial court correctly refused to award the set-off for future benefits. Specifically, we concluded that:
The plain language of section 627.7372 speaks in terms of collateral source benefits already obtained: "the court shall admit into evidence the total amount of all collateral sources paid to the claimant, and the court shall instruct the jury to deduct from its verdict the value of all benefits received by the claimant." (emphasis supplied). Thus, it necessarily follows that this section was not intended to permit a setoff for future collateral sources. In fact, this court has held as much. See Jeep Corp. v. Walker, 528 So.2d 1203, 1206 (Fla. 4th DCA 1988) (finding error in the trial court's setoff for future benefits, and citing section 627.7372 for the proposition that only past benefits can be set off against an award in that case).
Id. at 1153.
We went even further to find that even if section 768.76 was applicable, its language that "the court shall reduce the amount of any award by the total of all amounts which have been paid for the benefit of the claimant, or which are otherwise available to him from all collateral sources" does not mean "those benefits not yet paid but payable in the future". Id. Rather, we determined that:
[I]n order to have collateral source benefits set off against an award, those benefits must either be already paid ("amounts which have been paid") or presently earned and currently due and owing ("otherwise available to him"). In fact, the term "available" means "Accessible for use: at hand," connoting a present, rather than a future, application. And, furthermore, the term "collateral source" is defined in subsection (2) as those payments "made" to the claimant; nowhere does that definition include payments that may be made in the future. Hence, it follows that appellant's interpretation of this section as applying to both past and future benefits is strained.
Id. at 1153 (emphasis supplied)(footnote omitted).
In the present case we must review our interpretation of the applicability of section 627.7372 to PIP benefits payable upon future claims in light of the more specific section 627.736.
This issue came directly before the fifth district in Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996). There the court found that section 627.736 applies. However, in interpreting the statute, the fifth district found that since DeMarco had PIP benefits available to cover medical expenses, then to the extent of such coverage, he could not collect such damages from Kokotis. The court specifically found that "payable" as used in the statute "includes expenses which have not yet accrued but which will result from the covered injury." Id. at 296.
The Kokotis court provides no authority for its broad interpretation of "payable". Without even a dictionary's definition to guide it, the court took an uncharted approach to allow set-offs of future benefits.
We find that the Kokotis court was correct to apply section 627.736(3) to the PIP collateral source issue. It relates more specifically to PIP set-offs. While this court was correct in White, when it held that between sections 768.76 and 627.7372, the latter was more applicable, a comparison of section 627.7372 and section 627.736(3) now leads us to the conclusion that section 627.736(3) is the more specific applicable statute.
However, this court cannot adopt the Kokotis court's definition of "payable" to mean benefits incurred any time for the rest of the victim's life. The better and more logical interpretation of "payable" as used in the statute would be for it to relate to medical bills which the plaintiff may incur before trial but which have not been processed by the PIP carrier and remain unpaid. This would be in keeping with our interpretation of "available" in White. It would also be in keeping with the definition of "payable" as "capable of being paid; suitable to be paid... justly due." Black's Law Dictionary 1128 (6th ed.1990). Indeed, there is nothing in the everyday usage of "payable" that would require its application to future expenses *633 and benefits rather than accrued benefits not yet paid.
The law clearly holds that unambiguous statutory language must be accorded its plain meaning. See Carson v. Miller, 370 So.2d 10 (Fla.1979). When the Florida Legislature wishes to provide for set-offs for future benefits it well knows how to express itself. For example, in worker's compensation claims, subsection 440.39(3)(a), Florida Statutes (Supp.1996), provides carriers with claims against the responsible third-party tortfeasor for "future benefits to be paid." Also, when providing for arbitration in medical malpractice cases in subsection 766.207(7)(c), Florida Statutes (1995), the legislature provides that "damages for future economic losses shall be awarded to be paid by periodic payments pursuant to section 766.202(8), and shall be offset by future collateral source payments." There is no doubt or ambiguity in the language chosen. In this case there is no reason to either make a decision contrary to the legislature's clear intent or to alter our prior well founded interpretation of the term "payable" in the statute.
In summary, we find that the trial court correctly found that section 627.736(3), Florida Statutes (Supp.1992), applies to the facts of this case. However, the future PIP benefits awarded by the jury should not have been offset by the $524.78 the trial court believed was still available. Accordingly, the trial court is instructed upon remand, to reinstate the jury's verdict. Appellant's motion for attorney's fees under section 768.79, Florida Statutes (1991), is granted inasmuch as the reinstatement makes the verdict 25% greater than the offer of judgment. Appellee's motion for fees and costs pursuant to section 57.105, Florida Statutes (1991), is hereby denied inasmuch as the issues before this court were clearly not frivolous.
Finally, because our holding directly conflicts with the fifth district's opinion in Kokotis, we certify to the Florida Supreme Court the following question:
WHETHER THE TERM "PAID OR PAYABLE" IN SECTION 627.736(3), FLORIDA STATUTES (SUPP.1996), SHOULD BE DEFINED AS "THAT WHICH HAS BEEN PAID, OR PRESENTLY EARNED AND CURRENTLY OWING" SO THAT THE STATUTORY LANGUAGE OF SECTION 627.736 WILL NOT BE INTERPRETED TO PERMIT ANY REMAINING PERSONAL INJURY PROTECTION BENEFITS TO BE USED FOR SET-OFFS FOR FUTURE COLLATERAL SOURCES.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
DELL and GUNTHER, JJ., concur.