HARRIS, J.
Charlotte Booth claimed permanent personal injuries resulting from Paul Joseph Daigle’s negligent operation of his vehicle. Daigle asserted a set-off claim for collateral source payments received by Booth. During the time the case was being prepared for trial, Daigle made three offers of judgment. The first offer in the amount of $1,001.00 was made on August 23, 1996, and the third offer in the amount of $1,301.00 was made on September 15, 1997. All offers were rejected. The jury determined that Booth was 50% at fault and that she suffered no permanent injuries. She was awarded $5,020.60 for past medical expenses which, after deducting $4,425.20 in PIP benefits received and deducting her percentage of fault from the balance, resulted in a net judgement of $297.70. Section 768.79(6)(a), Florida Statutes (1997), requires the addition of any “pos-toffer” collateral source payments “received or due”[1] as of the date of the judgment to the net judgment in order to reach the “judgment obtained” for the purposes of determining the entitlement to costs and fees under section 768.79.
Daigle asserts that because the jury verdict was less than 75% of his “offer,” he is entitled to attorney’s fees and costs. The first question that appears important is what is meant by “postoffer” when multiple offers have been made. In this ease, since it is conceded that sufficient PIP payments to defeat defendant’s claim for costs and fees were received or due between both the first or third offer of judgment and the judgment, which offer should be considered by the court is not an issue.
Daigle’s position is that because the plaintiff is not entitled under the legislative no-fault scheme to receive PIP benefits “paid or payable” in addition to medical expenses included in the judgment, indeed such benefits were reduced from the verdict in order to *606 reach the net judgment amount, that such benefits were not intended by the legislature to be added back into the net judgment as “collateral source payments” in order to reach the “judgment obtained” when considering fees and costs. We do not accept this logic. Even though the legislature did not authorize double recovery for the same injury in the form of judgment damages and PIP benefits which cover that same injury, that is a different issue entirely and raises differing policy questions from what should be included in an offer of judgment.
It is not reasonable to argue that PIP benefits are not “collateral source payments” under the statute. Section 768.79(6)(a) requires the addition of collateral source payments made “postoffer” but before the judgment to the net judgment to reach the “judgment obtained” for the purpose of considering offer of judgment costs and fees. The trial judge did that in this case.
AFFIRMED.
GRIFFIN, C.J., and COBB, J., concur.

. It is interesting to note that when the legislature wishes to limit consideration of PIP benefits relating to expenses already incurred (billed but not yet paid), it uses the term "received or due.” However, when it wishes to refer to benefits that may be available under a policy, it uses the term “paid or payable.” See Kokotis v. DeMarco, 679 So.2d 296 (Fla. 5th DCA 1996), rev. denied, 689 So.2d 1068 (Fla.1997); Pizzarelli v. Rollins, 704 So.2d 630 (Fla. 4th DCA 1997), rev. granted, (Table No. 92,080) (Fla.1998); State Farm Mut. Auto. Ins. Co. v. Klinglesmith, 717 So.2d 569 (Fla. 5th DCA 1998) (Harris, J., dissenting).