NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEREMY LIVINGSTONE, DOC #Y29795,   )
                                   )
            Appellant,             )
                                   )
v.                                 )
                                   )   Case No.  2D17-1695
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
_____   )

Opinion filed April 12, 2019.

Appeal from the Circuit Court for Lee
County; Bruce E. Kyle, Judge.

Howard L. Dimmig, II, Public Defender,
and Richard J. Sanders, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


SLEET, Judge.

        Jeremy Livingstone challenges the trial court's order revoking his

probation.  We reverse only the portion of the order finding that Livingstone violated

condition four of his probation by possessing ammunition.  We affirm the revocation

order in all other respects.

Standard condition four of the probation order states: "You will not possess, carry[,] or own any firearm. You will not possess, carry, or own any weapon without first procuring the consent of your officer." This language tracks the language of section 948.03(1)(m), Florida Statutes (2015). Although chapter 948 does not define "firearm" or "weapon," chapter 790, entitled "Weapons and Firearms," defines both terms, see § 790.001(6), (13), Fla. Stat. (2015), and neither definition includes ammunition. In fact, a separate definition for "ammunition" is found in section 790.001(19).

Additionally, although section 948.03(1)(m) only includes firearms and weapons in its prohibition of what probationers and offenders on community control may possess, section 790.23(1) is more restrictive as to what a convicted felon may possess, specifically making it unlawful for a felon to possess ammunition. As such, the legislature is aware of the difference between ammunition and a firearm or weapon, and it is presumed that it knew how to include ammunition in its list of what a probationer or person on community control may not possess if it had so intended. See Cason v. Fla. Dep't of Mgmt. Servs., 944 So. 2d 306, 315 (Fla. 2006) ("[W]e have pointed to language in other statutes to show that the [l]egislature 'knows how to' accomplish what it has omitted in the statute in question."); see also State v. Lewars, 259 So. 3d 793, 800 (Fla. 2018) (holding that alternative definitions of "prison releasee reoffender" included in section 775.082(9)(a)(1) and (9)(a)(2) "show[] that the [l]egislature knew how to make the prison sentence, as opposed to the facility, the focus of the definitional inquiry, if the [l]egislature intended to do so" (citing Cason, 944 So. 2d at 315)).

Accordingly, the possession of ammunition is not enough to establish a violation of standard probation condition four, and the trial court erred here in finding

- 2 -

that Livingstone committed this alleged violation of probation.[1]  However, because the record reflects that the trial court would have revoked Livingstone's probation based on his other violations, we reverse only the portion of the revocation order finding Livingstone in violation of condition four and remand with instructions to strike that violation; we affirm the revocation order in all other aspects.  See King v. State, 915 So. 2d 764, 765 (Fla. 2d DCA 2005) ("[W]e reverse that portion of the trial court's order finding a violation of condition 27 and remand to strike the finding.  We affirm the trial court's revocation of King's [supervision] because it is clear from the record that the trial court would have revoked King's [supervision] based on his violations of conditions 3, 5, 9, and 12.").

Affirmed in part, reversed in part, and remanded with instructions.

NORTHCUTT and SILBERMAN, JJ., Concur.

---

[1]We note that this argument was not preserved below.  But "revoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error."  Odom v. State, 15 So. 3d 672, 678 (Fla. 1st DCA 2009).